## BEDNER v. FEDERAL UNDERWRITERS EXCHANGE.

### No. 1942.

Court of Civil Appeals of Texas. Eastland. Oct. 20, 1939.

Rehearing Denied Nov. 24, 1939.

216

Sam B. Spence and Geo. W. Anderson, both of Wichita Falls, for appellant.

Saunders, Akin & Williams and Touchstone, Wight, Gormley, Strasburger & Price, all of Dallas, for appellee.

FUNDERBURK, Justice.

Following all prior proceedings essential to invoke the jurisdiction of the court below, Federal Underwriters Exchange, the insurance carrier for A. G. (Dutch) Bedner, filed this suit, being nominally one, as at first brought, to set aside an award of the Industrial Accident Board. The adverse party, Mrs. Fay Keller Bedner, widow and beneficiary of Andrew J. Bedner, the latter at the time of his death being an employee of his brother, A. G. (Dutch) Bedner, having answered and pleaded a cross-action, seeking to recover compensation insurance, the Federal Underwriters Exchange took a nonsuit without prejudice, of course, to the cross-action. Thereafter the real status of the parties was that the original defendant became plaintiff, and the original plaintiff became defendant. For convenience they will be hereinafter so designated.

The trial was by jury, but when plaintiff had rested her case, the court, upon motion of the defendant, peremptorily instructed a verdict in its favor. From the judgment rendered thereon, this appeal is prosecuted by plaintiff.

Plaintiff made no motion for new trial. The defendant contends that because of her failure to do so, this court is limited, in its authority, to a consideration of fundamental errors, as to which it is insisted there was none; and to the one or more assignments of error presenting the single question of whether the court erred in peremptorily instructing the verdict. This question is believed to be controlled by the recently amended Rule 24 of "Rules for the Courts of Civil Appeals" (126 Tex. vi, 99 S.W.2d xxix), and Rule 71a of the "Rules for the District and County Courts" (126 Tex. vii, 99 S.W.2d xxx) as interpreted in Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270. Said Rule 71a (as amended December 9, 1936, effective March 1, 1937) states its object to be "to require a motion for new trial to be filed as a prerequisite to an appeal in all cases, unless [1] the error complained of is fundamental, or [2] the case is tried before the court without a jury, or [3] *a peremptory instruction is given in the case,* or [4] the appeal is based upon some error arising after the action of the trial court upon the motion for new trial, or [5] unless there is not full five days' time from the rendition of the judgment to the adjournment of the court for the term." (Italics ours.) In making and establishing said Rule 71a, the Supreme Court was exercising legislative power under direct grant of such power by the Constitution, as an express exception to the general grant of all legislative power to the Legislature. Const. Art. II, sec. 1; Id. Art. III, sec. 1; Id. Art. 5, sec. 25, Vernon's Ann.St. The controlling effect of the intention of the Supreme Court as the law maker, and the rules and principles governing the ascertainment of such intention, are the same as applicable to a statute of the state enacted by the Legislature. One such rule is that it is not the intention which the law maker intended to express, but failed to do so, which is controlling, but the intention which the language of the law does ex-

press, however uncertainly or ambiguously. A reading of the opinion in Stillman v. Hirsch, supra, leaves the impression that the Supreme Court, by said amended rules, intended to require a motion for new trial as a prerequisite to appellate review in all cases, except such as to which some statute provided to the contrary. If, however, such was the intention, it was not expressed in the rules, unless it be true that there then existed a statute the effect of which was to authorize appellate review without a motion for new trial in cases in which a peremptory instruction of a verdict is given. The review of questionably applicable statutory provisions to such effect, as made in said opinion, strongly suggests there was no such statute. Revised Statutes 1925, Arts. 2209, 2210, 2237 and 2188 were reviewed and the conclusion announced that in none of them was any provision to the effect that a motion for new trial was not necessary as a prerequisite to appellate review.

We need not search for a statutory provision authorizing appellate review in the absence of a motion for new trial in a case wherein a peremptory instruction is given, because if such statute be found it will be controlling and is clearly excepted by amended rule 71a, which even had it not expressed such exception would nevertheless have to yield to the statute. If there be no such statute then the right to appellate review without a motion for new trial certainly exists, since not prohibited by statute or said rule 71a, the latter expressly declaring the intention that the rule not include a case wherein "a peremptory instruction is given in the case." The intention to exclude such a case from the operation of the rule is clearly and certainly expressed. There is no contrary intention expressed in the rule. There is, therefore, no necessity for resort to rules of construction. We are of the opinion that plaintiff's right to a review of any of the rulings or actions of the court below, presented by proper assignments of error, may not be denied on the ground that no motion for new trial was made.

We may first address consideration to a number of questions presented which may be regarded as of secondary importance.

■ In our opinion, the trial court did not err in excluding from the evidence checks for $205.56, and $154.17 in connection with oral testimony to show that they represented payments for compensation for 12 and 9 weeks respectively, at $17.13 per week, offered as applicable to the issue of "average weekly wages" of the deceased employee. The proffered evidence was excluded on the ground that the checks were given as advance payments upon a compromise settlement of the claim in suit which for some reason failed of consummation. Being part of a compromise, the checks did not constitute an admission on the part of the defendant that the average weekly wages of the deceased employee was $17.13. The evidence was inadmissible, we think, as involving an unsuccessful effort at compromise.

■■ There was no error in the action of the court in permitting the defendant (as original plaintiff) to take a nonsuit. Such action was not reasonably calculated to prejudice any right of the (original) defendant for affirmative relief; that being the only condition, if any, limiting the right of a plaintiff, timely claimed, to take a nonsuit. R.S.1925, Art. 2182; Brooks v. O'Conner, 120 Tex. 121, 39 S.W.2d 22; Bailey v. Federal Supply Co., Tex.Com. App., 287 S.W. 1090; Thomason v. Sherrill, Tex.Civ.App., 4 S.W.2d 304; Cornelius v. Early, Tex.Civ.App., 24 S.W.2d 757.

■ We think the court did err in overruling plaintiff's exceptions to those parts of defendant's answer specially denying that valid notice of injury had been given or claim for compensation made by the proper party in due time or in proper form and manner, or that any award had been made by the Industrial Accident Board. These facts were alleged by plaintiff in her original pleading. The defendant's answer containing the special denials was not verified and was filed on the same day of the trial—July 21, 1938. Under Vernon's Ann.Civil Statutes, Art. 8307b, the absence of denial by verified pleading, under the circumstances stated, concludes such issues by a legal presumption that the allegations of such facts as made by the plaintiff in her pleading were true.

■ We are not able to see, however, that any prejudice resulted to plaintiff from such action of the court. It did not prevent the operation of the legal presumptions declared by the statutes. Therefore, the error of the court in overruling the exceptions, it would appear, was not reasonably calculated to prejudice the rights of plaintiff, and, if not, there would exist

no presumption that it did so. The error, we think, is properly to be regarded as immaterial. Williams v. Rodocker, Tex.Civ. App., 84 S.W.2d 556.

■ We are also of the opinion that the court improperly admitted in evidence an affidavit of L. A. Thompson. Thompson, while a witness, was handed the affidavit and upon reading it over said: "Well here is a statement that is very wrong. I don't know why I signed that. It says here that 'Andy and Fay were having some words between them over some matters that I knew nothing about.' That is a statement some insurance man put over on me. I didn't know what I was signing." The witness, however, acknowledged that he signed and swore to the affidavit and that it was true. He said "Yes" there was some conversation between Mr. and Mrs. Bedner but "there wasn't anything to leave the impression that there was anything wrong with it." Thereupon, the affidavit, dealing largely with other matters, was offered and admitted over the objection to its introduction as a whole, but with the statement "We make no objection to the parts offered for the impeachment of the witness but there are other parts of it we do object to at this time."

It is doubtful, we think, whether the affidavit was admissible even for impeachment purposes. The proposed impeachment should probably be regarded as concerning an immaterial matter and the evidence not admissible for that reason. Texas & P. Ry. Co. v. Phillips, 91 Tex. 278, 42 S.W. 852; Wells v. Ford, Tex.Civ.App., 118 S. W.2d 420.

But we need not express any definite opinion on this point, since there was no objection to the admission of the affidavit— which had already been read by the witness—concerning a conversation between plaintiff and her husband. At all events, we think only that part of the statement with, at most, such other, if any, as was necessary to make clear its meaning, was admissible and it was error to admit the portions of the affidavit having no relation to that subject.

However, it is doubtful, we think, whether the action of the court in admitting the affidavit as a whole was calculated to prejudice plaintiff. With the witness' explanation of the particular statement, the affidavit did not contradict the witness' testimony on the stand. The fact that the disposition of the appeal is ruled by our conclusions upon other questions renders it unnecessary for us here to determine the question of the materiality of the court's action in admitting the entire affidavit.

The most important inquiry is whether the court properly granted defendant's motion for a peremptory instruction of a verdict in its favor. If there was any issue which plaintiff had the burden of establishing, and which was supported by no competent evidence, or as to which the evidence was conclusively against the plaintiff, then, of course, the action of the court now under review was proper. If any completely defensive issue, pleaded by defendant, was conclusively established by evidence then also such action of the court was proper. If all essential issues tendered by plaintiff and joined by the pleadings, not conclusively established by the evidence in favor of the plaintiff, were raised by the evidence; or, if defensive issues, not conclusively established by the evidence in favor of the defendant, were raised by the evidence then the court improperly instructed the verdict.

■ One essential issue which the plaintiff was under the burden of establishing was that the deceased employee received the injury resulting in his death *while in the course of his employment*. A counter defensive issue pleaded by defendant was that at such time said employee was *in a state of intoxication*. The law provides that an "injury sustained in the course of employment" shall not include "an injury received while in a state of intoxication." R.S.1925, Art. 8309, sec. 1, subsec. 3.

■ While a claimant in a compensation case has the burden of establishing the issue, among others, that the injured employee was in the course of his employment when injured, we think that in discharging that burden there may be available to him certain prima facie presumptions, one of them being that the employee was not in a state of intoxication. A state of intoxication is not a normal condition but abnormal, analogous to insanity, etc. In the absence of any evidence that an injured employee was at the time of injury in a state of intoxication, all other essentials to show that he was in the course of his employment being shown, it is unnecessary, we think, that the compensation claimant offer affirmative evidence to show that the employee was not in a state of intoxication. That fact, under such cir-

cumstances, is supplied by the presumption that he was not.

■ There was no conclusive evidence that the deceased at the time of his injury was in a state of intoxication and, therefore, the peremptory instruction of the verdict for defendant cannot be sustained on that ground.

■ Plaintiff also had the burden of establishing the issue of "average weekly wages." According to the statutory definition of "average weekly wages" (R.S.1925, Art. 8309, sec. 1, subsecs. 1 to 5, inclusive) it was incumbent upon plaintiff to establish the amount of deceased's "average weekly wages" by one or another of the three methods prescribed in, or in connection with, said definition.

■ It seems to be conceded that the evidence established conclusively that the first method (that is, based upon the employee's own wages, received in the same employment, etc., "for substantially the whole of the year immediately preceding the injury") was not available. The defendant contended, in effect, that the evidence did establish that the second method (that is, based upon the "daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed") was not available. The argument is that a witness of plaintiff, whose testimony was vouched for by the plaintiff by the act of placing him upon the stand, testified there was one employee whose employment was of the same class as the deceased's employment, who worked in the same area for another company. But, when this witness was asked "Do you know what part of the past 12 months he actually worked?" answered "Well, I don't know. I know he was working at that time. I don't know how many days he worked." There was testimony by other witnesses, including plaintiff, tending to show that there was no other employee fulfilling the conditions prescribed by the statute to make the average daily wage of other employees the proper test of determining the average weekly wages of the deceased employee as provided in said second method. There was, therefore, we think, an issue of fact raised as to the deceased's average weekly wages determinable according to said second method.

■ It is contended further that the peremptory instruction was proper because there was no showing that all the beneficiaries of the deceased employee were parties to the suit, in that it was not shown "that appellant was the sole beneficiary of Andrew J. Bedner under the terms and provisions of the Workmen's Compensation Law, or that the said Andrew J. Bedner had no children by a former wife, if any." There were no facts pleaded nor in evidence to raise a presumption that deceased had any former wife, nor, if so, to raise any further presumption based upon the first presumption that there were any children, or that any children survived. If there was any defect of parties, we think that was at most a matter of abatement and certainly not a ground for the instruction of a verdict for the defendant.

It is our conclusion that the peremptory instruction should not have been given, and that the judgment should be reversed and the cause remanded. It is accordingly so ordered.