TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00199-CV






The City of Celina and The Texas Commission on Environmental Quality, Appellants


v.


Dynavest Joint Venture, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. D-1-GN-06-004537, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING




O P I N I O N


 

 The City of Celina and the Texas Commission on Environmental Quality ("TCEQ")
challenge the trial court's denial of portions of their pleas to the jurisdiction. Appellants contend that
the trial court lacks jurisdiction over Dynavest Joint Venture's petition for a declaratory judgment
because the petition is an impermissible collateral attack based on a statute that does not apply to the
TCEQ's action. We affirm the challenged portions of the district court's order.

 The City of Celina filed an application with the TCEQ on September 2, 2003, seeking
amendment of its certificate of convenience and necessity to expand the area in which the City could
supply water. On January 5, 2006, the TCEQ granted the application. The expanded service area
encompasses land outside the City's extraterritorial jurisdiction, including Dynavest's property.

 On December 6, 2006, Dynavest filed this suit (1) seeking a declaratory judgment that
the amended certificate is void. (2) Dynavest relies on the version of Texas Water Code section
13.2451(b) enacted by the legislature in 2005:


 The commission may not extend a municipality's certificate of public convenience
and necessity beyond its extraterritorial jurisdiction without the written consent of the
landowner who owns the property in which the certificate is to be extended. The
portion of any certificate of public convenience and necessity that extends beyond the
extraterritorial jurisdiction of the municipality without the consent of the landowner
is void.


Act of May 29, 2005, 79th Leg., R.S., ch. 1145, § 5, sec. 13.2451(b), 2005 Tex. Gen. Laws 3771,
3773 ("2005 version") (amended 2007) (current version at Tex. Water Code Ann. § 13.2451(b)
(West Supp. 2007)). Dynavest argues that, because it did not consent to the amendment's extension
of the scope of the City's certificate to include Dynavest's property outside the Celina city limits,
the portion of the amendment so extending the certificate is void. Dynavest's theory of voidness is
premised on the applicability of the 2005 version of Texas Water Code section 13.2451(b)
containing the consent requirement. (3)

 Appellants filed pleas to the jurisdiction. The TCEQ argued that Dynavest's citation
to the declaratory judgment act did not alter the fact that this petition was actually an untimely
challenge to and an impermissible collateral attack on the certificate. The TCEQ also argued that
Dynavest's theory that the amended certificate is void was based on an inapplicable statute and,
therefore, could not vest the trial court with jurisdiction over an otherwise impermissible collateral
attack. The City similarly contended that the declaratory judgment act did not support a remedy
redundant of those designed to permit challenge to agency orders.

 In its order denying the plea to the jurisdiction concerning the declaratory judgment
action, the trial court found that it has jurisdiction under the Uniform Declaratory Judgment Act
(UDJA) to interpret and construe Texas Water Code section 13.2451 and to determine if the amended
certificate is void. In a letter to the parties, the trial court explained that it has jurisdiction because
Dynavest stated a claim that could lead to a judgment that the order is void. The trial court declined
to examine the statute further--i.e., to determine whether the statute applies--because "[t]o examine
the statute further would go to the merits of the claim." Appellants filed notices of interlocutory
appeal challenging the denial of their pleas to the jurisdiction.

 A court's subject-matter jurisdiction traditionally consists of the power, conferred by
constitutional or statutory provision, to decide the kind of claim alleged in the plaintiff's petition
and to grant relief. Sierra Club v. Texas Natural Res. Conservation Comm'n, 26 S.W.3d 684, 687
(Tex. App.--Austin 2000), aff'd on other grounds, 70 S.W.3d 809 (Tex. 2002); see also Cervantes
v. Tyson Foods, Inc., 130 S.W.3d 152, 156 (Tex. App.--El Paso 2003, pet. denied). The legislature
has granted district courts the general power to "hear and determine any cause that is cognizable by
courts of law or equity and [to] grant any relief that could be granted by either courts of law or
equity." Sierra Club, 26 S.W.3d at 688 (citing Tex. Gov't Code Ann. § 24.008 (West 2004)).

 Courts review the denial of a plea to the jurisdiction de novo because whether a court
has subject matter jurisdiction is a question of law. Texas Natural Res. Conservation Comm'n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). A plea to the jurisdiction will be sustained if there is an
incurable jurisdictional defect apparent from the face of the pleadings, even if all the allegations in
the plaintiff's pleadings are taken as true. See Texas Mun. Power Agency v. Public Util. Comm'n,
100 S.W.3d 510, 515 (Tex. App.--Austin 2003, pet. denied). When considering a plea to the
jurisdiction, courts generally avoid deciding the merits. Id. at 514-15. Courts may look beyond the
face of the pleadings if the plea to the jurisdiction challenges the existence of jurisdictional facts. 
See Texas Parks & Wildlife Dep't v. Miranda, 133 S.W.2d 217, 226-27 (Tex. 2004). Whether
undisputed evidence of jurisdictional facts establishes jurisdiction is a question of law. Id. at 226. 
Examination of a plea to the jurisdiction sometimes requires resolution of an issue that implicates
or overlaps with the merits. Id. at 226-28; see Hendee v. Dewhurst, 228 S.W.3d 354, 366-68
(Tex. App.--Austin 2007, pet. denied).

 The City argues that the trial court lacks jurisdiction because the UDJA does not
confer jurisdiction to consider a challenge to an agency ruling when another statute authorizes review
of that ruling. See Beacon Nat'l Ins. Co. v. Montemayor, 86 S.W.3d 260, 267 (Tex. App.--Austin
2002, no pet.). The City contends that Dynavest's challenge to the validity of the order amending
the certificate could have been brought under direct judicial review provisions. See Tex. Water Code
Ann. § 5.351 (West 2006) (judicial review).

 Although courts generally do not have jurisdiction to consider collateral attacks on
state agency decisions, a collateral attack upon an agency order may be maintained successfully if
the order is void. Chocolate Bayou Water Co. & Sand Supply v. Texas Natural Res. Conservation
Comm'n, 124 S.W.3d 844, 853 (Tex. App.--Austin 2003, pet. denied). Dynavest seeks a declaration
that the amended certificate is void, not erroneous or voidable, due to noncompliance with governing
rules and statutes--namely, the 2005 version of water code section 13.2451(b) that declared void
that portion of a certificate or amended certificate issued without an affected landowner's consent
to be included in the scope of the amended certificate. The remedy Dynavest seeks is not
impermissibly redundant of the remedy available pursuant to direct judicial review. Thus, the City's
arguments challenging the trial court's jurisdiction fail.

 Appellants contend that the trial court should have determined whether the 2005
version of water code section 13.2451(b) applies to the City's application for an amended certificate
when it assessed the plea to the jurisdiction. In its letter to the parties, the trial court declined to
make that determination on grounds that the applicability was a merits determination not appropriate
for resolution on a plea to the jurisdiction.

 Although trial courts may inquire into jurisdictional issues that overlap with or
implicate merits issues, we are not persuaded that appellants' pleas to the jurisdiction required the
trial court to decide whether the 2005 version of the statute applies in order to assess its jurisdiction
over Dynavest's petition. Dynavest requests a declaration that the TCEQ's order amending the
City's certificate is void. The district court has general jurisdiction over all remedies except where
jurisdiction is conferred on another entity, and is presumed to have jurisdiction absent a contrary
showing. See Sweeney v. Jefferson, 212 S.W.3d 556, 562 (Tex. App.--Austin 2006, no pet.)
(citing Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.008 (West 2004); Dubai Petroleum Co.
v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000)). Appellants do not challenge the district court's jurisdiction
over declaratory judgments or collateral attacks based on voidness in general, but assert that the court
lacks jurisdiction over this case because the statute on which the theory of voidness is based is
inapplicable under the facts presented. Appellants' position, however, is an argument on the merits
without a jurisdictional dimension. The 2005 version of section 13.2451(b) does not confer, exclude,
or purport to address the district court's ability to assess the validity or voidness of the order or the
amended certificate. It addresses only the situation in which the TCEQ's order and the amended
certificate are void. The applicability of the 2005 version of the statute controls how the court
resolves Dynavest's complaint, but it does not affect whether the court can decide if Dynavest's
complaint has merit. We do not reach the question of whether the 2005 version applies, but note
that, even if Dynavest's invocation of the 2005 version proves baseless, the trial court has
jurisdiction to make that determination. We are not persuaded that courts have jurisdiction only over
meritorious collateral attacks.

 Courts that have decided merits-related issues, including statutory interpretation, have
done so because it was necessary to resolve the issue in order to resolve the question of the court's
jurisdiction. See generally Hendee, 228 S.W.3d at 366-69. For example, in Texas, sovereign
immunity deprives a court of subject-matter jurisdiction. Miranda, 133 S.W.3d at 225-26. When
the supreme court determined that the Mirandas had not shown any gross negligence by the parks
and wildlife department, it did so because the Mirandas had to show gross negligence in order to
demonstrate a waiver of sovereign immunity under the relevant statutes. Id. at 230-32. In McLane,
this Court determined that the comptroller acted within her statutorily authorized discretion--even
though that overlapped with the merits of the request for a declaration essentially finding that her
action violated the statute--because the question of discretion also bore directly on sovereign
immunity and, therefore, jurisdiction. McLane Co. v. Strayhorn, 148 S.W.3d 644, 649-50
(Tex. App.--Austin 2004, pet. denied). Courts have also examined constitutional provisions and
governing statutes to determine if an agency acted within its authority so as to require legislative
permission for a suit challenging that action or if an agency had exclusive jurisdiction over the
subject matter of the issues in a lawsuit. See Director of Dep't of Agric. & Env't v. Printing Indus.
Ass'n, 600 S.W.2d 264, 265-66 (Tex. 1980) (constitutional authorization); In re Texas Mut. Ins. Co.,
157 S.W.3d 75, 78-82 (Tex. App.--Austin 2004, no pet.) (exclusive jurisdiction). The appellants'
pleas to the jurisdiction in this case do not raise sovereign immunity or exclusive jurisdiction, but
instead involve the applicability of a nonjurisdictional statute.

 In its reply brief, the TCEQ asserts that a 2007 amendment to section 13.2451(b) has
"nullified" Dynavest's cause of action. See Act of May 28, 2007, 80th Leg., R.S., ch. 1430, § 2.08,
sec. 13.2451(b), 2007 Tex. Gen. Laws 5848, 5866. This argument was not part of the proceedings
below and, therefore, we cannot consider it in this interlocutory appeal. See Austin Indep. Sch. Dist.
v. Lowery, 212 S.W.3d 827, 834 (Tex. App.--Austin 2006, pet. denied); see also Hendee,
228 S.W.3d at 376-77. Further, the amendment to section 13.2451(b) did not add a jurisdictional
element to the statute.

 The trial court did not err by refusing to decide whether the 2005 version of water
code section 13.2451(b) applies when it evaluated appellants' pleas to the jurisdiction. The trial
court has jurisdiction over collateral attacks seeking a declaration that a challenged agency action
is void. See Chocolate Bayou, 124 S.W.3d at 853. This is such a collateral attack. Whether
Dynavest can prove facts that entitle it to recovery is a matter for a disposition on the merits, not
dismissal for want of jurisdiction. The TCEQ expresses concern that the parties will be forced to
bear the needless expense of a full trial if the case is not dismissed for want of jurisdiction. This
concern conflates the issue of the court's power to act (jurisdiction) with the propriety of a court's
entering some form of summary disposition such as a summary judgment. A plea to the jurisdiction
is not a surrogate for a summary judgment.

 We affirm the portions of the trial court's order denying the aspects of appellants'
pleas to the jurisdiction at issue in this interlocutory appeal.



 

 G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed: April 24, 2008
1. This is not a suit for judicial review of a ruling, order, or decision. Dynavest filed
a previous suit in May 2006 seeking judicial review of the TCEQ order. A party may seek
judicial review of a TCEQ ruling, order, or decision by filing a petition not more than thirty days
after the effective date of the challenged ruling, order, or decision. Tex. Water Code Ann. § 5.351
(West 2000). That suit, filed four months after the TCEQ's order, was dismissed as untimely.
2. Dynavest also sought a declaration that the TCEQ's order violated its own rules or was an
invalid ad hoc rule. The district court held that it lacked jurisdiction over that request. Dynavest has
not filed an interlocutory appeal from that decision.
3. Dynavest stated in its motion for summary judgment--part of the record on appeal,
although no ruling on that motion is before us--that "[t]his case turns on the effective date of Texas
Water Code Section 13.2451(b)." Although Dynavest argues that the TCEQ is barred by regulation
from expanding service areas outside a city's extraterritorial jurisdiction absent landowner consent,
see 30 Tex. Admin. Code § 291.105(c)(2) (2007) (Tex. Comm'n on Envtl. Quality, Contents of
Certificate of Convenience and Necessity Application); 30 Tex. Reg. 8958, 8961 (2005), the
regulation does not declare a certificate issued without landowner consent void. Dynavest does not
contend that the regulation applies to render the certificate void.