**Warren W. NICHOLS, Appellant,**

v.

**C. Bud PREJEAN, Sonya Stringer Dailey, Ronald E. Caston and Donna Carrell, Appellees.**

**No. 12–83–074–CV.**

Court of Appeals of Texas, Tyler.

June 21, 1984.

Rehearing Denied July 19, 1984.

Tom D. Rorie, Nacogdoches, for appellant.

James A. Doherty, San Augustine, for appellees.

SUMMERS, Chief Justice.

Warren W. Nichols (Nichols/appellant) brought suit against C. Bud Prejean, Sonya Stringer Dailey, Ronald E. Caston and Donna Carrell (appellees) in his capacity as independent executor of the estate of Gertrude Nichols, seeking a temporary and

permanent injunction enjoining appellee Dailey from occupying or possessing certain real property, which was a part of the estate of Gertrude Nichols, pending the administration of said estate, and a return from appellee Dailey of certain personal property which was a part of said estate. Nichols sought to recover from appellee Prejean all sums to which the estate was entitled as a result of Prejean's breach of fiduciary duties while acting as guardian of the estate of Gertrude Nichols, and to recover from appellees Caston and Carrell, as sureties upon Prejean's bond as said guardian, the sum of $1,000.00 (the principal amount of said bond).

A temporary injunction hearing was held on February 25, 1983, at which time appellees presented a plea styled "Plea in Abatement" in which they asked that this suit in the district court be dismissed, or in the alternative, abated, alleging as follows: that at the time this suit was filed all matters raised in this proceeding were pending in Cause Nos. 2839 and 2786 in the probate court (constitutional county court) of San Augustine County, Texas; that the district court does not have original jurisdiction to determine these matters; and that the administration of the estate of Gertrude Nichols is still open and pending in said county court sitting in probate. After hearing, the trial court sustained the plea and dismissed this suit.

We affirm.

Nichols brings two points of error. In his first point he asserts that the district court erred in granting appellees' plea in abatement in that the district court had concurrent jurisdiction with the constitutional county court over the matters in controversy. We do not agree.

Section 5 of the Texas Probate Code provides, in part:

(b) In those counties where there is no statutory probate court, county court at law or other statutory court exercising jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court, which may then hear such proceeding as if originally filed in such court. *In contested matters transferred to the district court* in those counties, the district court, concurrently with the county court, shall have the general jurisdiction of a probate court. . . .

\* \* \* \* \* \*

(d) All courts exercising original probate jurisdiction shall have the power to hear *all matters incident to an estate.* (Emphasis added.)

Section 5A(a) then defines the phrases "appertaining to estates" and "incident to an estate," as applied to proceedings in constitutional county courts and statutory county courts at law, to "include the probate of wills, the issuance of letters testamentary and of administration, the determination of heirship, and also include, but are not limited to, all claims by or against an estate, . . . all actions for trial of the right of property incident to an estate, and actions to construe wills, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons."

The constitutional county court of San Augustine County properly exercised original probate jurisdiction when Gertrude Nichols' will was probated on November 1, 1982. The administration of her estate before said court was still open and pending when Nichols filed this suit in the district court on February 21, 1983. There has been no transfer, as provided in section 5(b), of the matters in controversy as "contested probate matters" from the county court to the district court.

■ We hold the causes of action asserted by Nichols in this suit fall within the term "matters incident to the estate," and that pursuant to section 5(d) the constitu-

**396**

tional county court of San Augustine County, having exercised original probate jurisdiction over said estate, has exclusive jurisdiction to hear such causes of action as matters incident to the estate. *Lucik v. Taylor,* 596 S.W.2d 514, 516 (Tex.1980); *English v. Cobb,* 593 S.W.2d 674, 676 (Tex. 1979); *Boman v. Howell,* 618 S.W.2d 913, 915–917 (Tex.Civ.App.—Fort Worth 1981, no writ); *Thomas v. Tollon,* 609 S.W.2d 859, 860–861 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Bank of the Southwest, Nat. Ass'n v. Stehle,* 660 S.W.2d 572, 574 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). Nichols' first point is overruled.

In Nichols' second point he contends that the district court erred in dismissing the suit after sustaining appellees' plea in abatement.

■ As applied to a pending cause of action, a plea to the jurisdiction, if sustained, would require a dismissal; a plea in abatement, if sustained, would ordinarily require an abatement of the cause of action until some obstacle to its further prosecution was removed. *Texas Highway Department v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967).

■ Nichols' plea styled "Plea in Abatement" seeks a dismissal of the district court suit, or in the alternative, an abatement of said suit, specifically alleging that an administration of the estate is still pending in the probate court of San Augustine County and that the district court did not have jurisdiction to hear the matters in controversy.

The styling of the plea is not controlling, and we treat the plea as a plea to the jurisdiction. *Jarrell, supra* at 488; Tex.R. Civ.P. 71. We hold that the district court was correct in dismissing appellant's cause in this court. Nichols' second point is overruled.

The judgment of the trial court is affirmed.