# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00199-CV

The City of Celina and The Texas Commission on Environmental Quality, Appellants

v.

Dynavest Joint Venture, Appellee

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-06-004537, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## O P I N I O N

The City of Celina and the Texas Commission on Environmental Quality ("TCEQ") challenge the trial court's denial of portions of their pleas to the jurisdiction. Appellants contend that the trial court lacks jurisdiction over Dynavest Joint Venture's petition for a declaratory judgment because the petition is an impermissible collateral attack based on a statute that does not apply to the TCEQ's action. We affirm the challenged portions of the district court's order.

The City of Celina filed an application with the TCEQ on September 2, 2003, seeking amendment of its certificate of convenience and necessity to expand the area in which the City could supply water. On January 5, 2006, the TCEQ granted the application. The expanded service area encompasses land outside the City's extraterritorial jurisdiction, including Dynavest's property.

On December 6, 2006, Dynavest filed this suit[1] seeking a declaratory judgment that the amended certificate is void.[2] Dynavest relies on the version of Texas Water Code section 13.2451(b) enacted by the legislature in 2005:

> The commission may not extend a municipality's certificate of public convenience and necessity beyond its extraterritorial jurisdiction without the written consent of the landowner who owns the property in which the certificate is to be extended. The portion of any certificate of public convenience and necessity that extends beyond the extraterritorial jurisdiction of the municipality without the consent of the landowner is void.

Act of May 29, 2005, 79th Leg., R.S., ch. 1145, § 5, sec. 13.2451(b), 2005 Tex. Gen. Laws 3771, 3773 ("2005 version") (amended 2007) (current version at Tex. Water Code Ann. § 13.2451(b) (West Supp. 2007)). Dynavest argues that, because it did not consent to the amendment's extension of the scope of the City's certificate to include Dynavest's property outside the Celina city limits, the portion of the amendment so extending the certificate is void. Dynavest's theory of voidness is premised on the applicability of the 2005 version of Texas Water Code section 13.2451(b) containing the consent requirement.[3]

---

[1] This is not a suit for judicial review of a ruling, order, or decision. Dynavest filed a previous suit in May 2006 seeking judicial review of the TCEQ order. A party may seek judicial review of a TCEQ ruling, order, or decision by filing a petition not more than thirty days after the effective date of the challenged ruling, order, or decision. Tex. Water Code Ann. § 5.351 (West 2000). That suit, filed four months after the TCEQ's order, was dismissed as untimely.

[2] Dynavest also sought a declaration that the TCEQ's order violated its own rules or was an invalid ad hoc rule. The district court held that it lacked jurisdiction over that request. Dynavest has not filed an interlocutory appeal from that decision.

[3] Dynavest stated in its motion for summary judgment—part of the record on appeal, although no ruling on that motion is before us—that "[t]his case turns on the effective date of Texas Water Code Section 13.2451(b)." Although Dynavest argues that the TCEQ is barred by regulation

2

Appellants filed pleas to the jurisdiction. The TCEQ argued that Dynavest's citation to the declaratory judgment act did not alter the fact that this petition was actually an untimely challenge to and an impermissible collateral attack on the certificate. The TCEQ also argued that Dynavest's theory that the amended certificate is void was based on an inapplicable statute and, therefore, could not vest the trial court with jurisdiction over an otherwise impermissible collateral attack. The City similarly contended that the declaratory judgment act did not support a remedy redundant of those designed to permit challenge to agency orders.

In its order denying the plea to the jurisdiction concerning the declaratory judgment action, the trial court found that it has jurisdiction under the Uniform Declaratory Judgment Act (UDJA) to interpret and construe Texas Water Code section 13.2451 and to determine if the amended certificate is void. In a letter to the parties, the trial court explained that it has jurisdiction because Dynavest stated a claim that could lead to a judgment that the order is void. The trial court declined to examine the statute further—i.e., to determine whether the statute applies—because "[t]o examine the statute further would go to the merits of the claim." Appellants filed notices of interlocutory appeal challenging the denial of their pleas to the jurisdiction.

A court's subject-matter jurisdiction traditionally consists of the power, conferred by constitutional or statutory provision, to decide the kind of claim alleged in the plaintiff's petition and to grant relief. *Sierra Club v. Texas Natural Res. Conservation Comm'n*, 26 S.W.3d 684, 687

---

from expanding service areas outside a city's extraterritorial jurisdiction absent landowner consent, *see* 30 Tex. Admin. Code § 291.105(c)(2) (2007) (Tex. Comm'n on Envtl. Quality, Contents of Certificate of Convenience and Necessity Application); 30 Tex. Reg. 8958, 8961 (2005), the regulation does not declare a certificate issued without landowner consent void. Dynavest does not contend that the regulation applies to render the certificate void.

(Tex. App.—Austin 2000), *aff'd on other grounds*, 70 S.W.3d 809 (Tex. 2002); *see also Cervantes v. Tyson Foods, Inc.*, 130 S.W.3d 152, 156 (Tex. App.—El Paso 2003, pet. denied). The legislature has granted district courts the general power to "hear and determine any cause that is cognizable by courts of law or equity and [to] grant any relief that could be granted by either courts of law or equity." *Sierra Club*, 26 S.W.3d at 688 (citing Tex. Gov't Code Ann. § 24.008 (West 2004)).

Courts review the denial of a plea to the jurisdiction de novo because whether a court has subject matter jurisdiction is a question of law. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). A plea to the jurisdiction will be sustained if there is an incurable jurisdictional defect apparent from the face of the pleadings, even if all the allegations in the plaintiff's pleadings are taken as true. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 100 S.W.3d 510, 515 (Tex. App.—Austin 2003, pet. denied). When considering a plea to the jurisdiction, courts generally avoid deciding the merits. *Id.* at 514-15. Courts may look beyond the face of the pleadings if the plea to the jurisdiction challenges the existence of jurisdictional facts. *See Texas Parks & Wildlife Dep't v. Miranda*, 133 S.W.2d 217, 226-27 (Tex. 2004). Whether undisputed evidence of jurisdictional facts establishes jurisdiction is a question of law. *Id.* at 226. Examination of a plea to the jurisdiction sometimes requires resolution of an issue that implicates or overlaps with the merits. *Id.* at 226-28; *see Hendee v. Dewhurst*, 228 S.W.3d 354, 366-68 (Tex. App.—Austin 2007, pet. denied).

The City argues that the trial court lacks jurisdiction because the UDJA does not confer jurisdiction to consider a challenge to an agency ruling when another statute authorizes review of that ruling. *See Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.—Austin

4

2002, no pet.). The City contends that Dynavest's challenge to the validity of the order amending the certificate could have been brought under direct judicial review provisions. *See* Tex. Water Code Ann. § 5.351 (West 2006) (judicial review).

Although courts generally do not have jurisdiction to consider collateral attacks on state agency decisions, a collateral attack upon an agency order may be maintained successfully if the order is void. *Chocolate Bayou Water Co. & Sand Supply v. Texas Natural Res. Conservation Comm'n*, 124 S.W.3d 844, 853 (Tex. App.—Austin 2003, pet. denied). Dynavest seeks a declaration that the amended certificate is void, not erroneous or voidable, due to noncompliance with governing rules and statutes—namely, the 2005 version of water code section 13.2451(b) that declared void that portion of a certificate or amended certificate issued without an affected landowner's consent to be included in the scope of the amended certificate. The remedy Dynavest seeks is not impermissibly redundant of the remedy available pursuant to direct judicial review. Thus, the City's arguments challenging the trial court's jurisdiction fail.

Appellants contend that the trial court should have determined whether the 2005 version of water code section 13.2451(b) applies to the City's application for an amended certificate when it assessed the plea to the jurisdiction. In its letter to the parties, the trial court declined to make that determination on grounds that the applicability was a merits determination not appropriate for resolution on a plea to the jurisdiction.

Although trial courts may inquire into jurisdictional issues that overlap with or implicate merits issues, we are not persuaded that appellants' pleas to the jurisdiction required the trial court to decide whether the 2005 version of the statute applies in order to assess its jurisdiction

over Dynavest's petition. Dynavest requests a declaration that the TCEQ's order amending the City's certificate is void. The district court has general jurisdiction over all remedies except where jurisdiction is conferred on another entity, and is presumed to have jurisdiction absent a contrary showing. *See Sweeney v. Jefferson*, 212 S.W.3d 556, 562 (Tex. App.—Austin 2006, no pet.) (citing Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.008 (West 2004); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000)). Appellants do not challenge the district court's jurisdiction over declaratory judgments or collateral attacks based on voidness in general, but assert that the court lacks jurisdiction over this case because the statute on which the theory of voidness is based is inapplicable under the facts presented. Appellants' position, however, is an argument on the merits without a jurisdictional dimension. The 2005 version of section 13.2451(b) does not confer, exclude, or purport to address the district court's ability to assess the validity or voidness of the order or the amended certificate. It addresses only the situation in which the TCEQ's order and the amended certificate are void. The applicability of the 2005 version of the statute controls how the court resolves Dynavest's complaint, but it does not affect whether the court can decide if Dynavest's complaint has merit. We do not reach the question of whether the 2005 version applies, but note that, even if Dynavest's invocation of the 2005 version proves baseless, the trial court has jurisdiction to make that determination. We are not persuaded that courts have jurisdiction only over meritorious collateral attacks.

Courts that have decided merits-related issues, including statutory interpretation, have done so because it was necessary to resolve the issue in order to resolve the question of the court's jurisdiction. *See generally Hendee*, 228 S.W.3d at 366-69. For example, in Texas, sovereign

immunity deprives a court of subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 225-26. When the supreme court determined that the Mirandas had not shown any gross negligence by the parks and wildlife department, it did so because the Mirandas had to show gross negligence in order to demonstrate a waiver of sovereign immunity under the relevant statutes. *Id.* at 230-32. In *McLane*, this Court determined that the comptroller acted within her statutorily authorized discretion—even though that overlapped with the merits of the request for a declaration essentially finding that her action violated the statute—because the question of discretion also bore directly on sovereign immunity and, therefore, jurisdiction. *McLane Co. v. Strayhorn*, 148 S.W.3d 644, 649-50 (Tex. App.—Austin 2004, pet. denied). Courts have also examined constitutional provisions and governing statutes to determine if an agency acted within its authority so as to require legislative permission for a suit challenging that action or if an agency had exclusive jurisdiction over the subject matter of the issues in a lawsuit. *See Director of Dep't of Agric. & Env't v. Printing Indus. Ass'n*, 600 S.W.2d 264, 265-66 (Tex. 1980) (constitutional authorization); *In re Texas Mut. Ins. Co.*, 157 S.W.3d 75, 78-82 (Tex. App.—Austin 2004, no pet.) (exclusive jurisdiction). The appellants' pleas to the jurisdiction in this case do not raise sovereign immunity or exclusive jurisdiction, but instead involve the applicability of a nonjurisdictional statute.

In its reply brief, the TCEQ asserts that a 2007 amendment to section 13.2451(b) has "nullified" Dynavest's cause of action. *See* Act of May 28, 2007, 80th Leg., R.S., ch. 1430, § 2.08, sec. 13.2451(b), 2007 Tex. Gen. Laws 5848, 5866. This argument was not part of the proceedings below and, therefore, we cannot consider it in this interlocutory appeal. *See Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 834 (Tex. App.—Austin 2006, pet. denied); *see also Hendee*,

7

228 S.W.3d at 376-77. Further, the amendment to section 13.2451(b) did not add a jurisdictional element to the statute.

The trial court did not err by refusing to decide whether the 2005 version of water code section 13.2451(b) applies when it evaluated appellants' pleas to the jurisdiction. The trial court has jurisdiction over collateral attacks seeking a declaration that a challenged agency action is void. *See Chocolate Bayou*, 124 S.W.3d at 853. This is such a collateral attack. Whether Dynavest can prove facts that entitle it to recovery is a matter for a disposition on the merits, not dismissal for want of jurisdiction. The TCEQ expresses concern that the parties will be forced to bear the needless expense of a full trial if the case is not dismissed for want of jurisdiction. This concern conflates the issue of the court's power to act (jurisdiction) with the propriety of a court's entering some form of summary disposition such as a summary judgment. A plea to the jurisdiction is not a surrogate for a summary judgment.

We affirm the portions of the trial court's order denying the aspects of appellants' pleas to the jurisdiction at issue in this interlocutory appeal.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:   April 24, 2008

8