*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## MEMORANDUM OPINION

No. 04-08-00043-CV

In re Estate of Henry H. **BLANKENSHIP**,
Appellant

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 135874
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   May 6, 2009

REVERSED AND REMANDED

This appeal concerns a complicated will contest. The probate court granted Appellee Kathleen Blankenship Nicholas's plea to the jurisdiction challenging Appellant Lucia Blankenship Mooney's July 2006 Original Petition. We hold the probate court erred when it granted Kathleen's plea because Lucia's pleadings sufficiently allege facts that show the probate court had jurisdiction. Accordingly, we reverse the probate court's November 30, 2007 Order and remand this cause for further proceedings consistent with this opinion.

### BACKGROUND

The factual and procedural histories of this case are complex and span over three decades. To begin, sisters Lucia and Kathleen are two of Henry H. and Maria Blankenship's

eleven children. At the time of his death, Henry had both land and children in Mexico and the United States. This case arises from a dispute over two testamentary instruments; one executed in Mexico and a second executed in the United States.

## A. Two Wills, Two Applications for Probate

Lucia argues that Henry's 1967 will, executed in Mexico (the Mexican will), devised all of his property—in Mexico and the United States—to his children in equal shares. Kathleen counters that Henry's 1973 will codicil (the U.S. will), executed approximately two weeks prior to his death, created a testamentary trust which provided a life estate in the U.S. property for Maria (Henry's now deceased wife) with the remainder to their three youngest children: Kathleen and her younger twin brothers. In May 1973, San Antonio Bank & Trust (SABT), the executor of the estate under the U.S. will and trustee of the testamentary trust, filed an application to probate the U.S. will. Twelve days later, in June 1973, Enrique, Henry's oldest son, filed an application to probate the Mexican will in the United States.

In the same document with his application to probate the Mexican will, Enrique contested the U.S. will. After some intra-family negotiations and an alleged settlement, SABT's lawyer filed the Mexican will in the Bexar County deed records in January 1978. For twenty-five years, the probate court did not issue any orders on the U.S. will application or Enrique's contest of the U.S. will. Then, in June 2003, Maria died. Within a few months, the disputes resumed.

## B. Estate Disputes Resume

On November 4, 2003, the probate court dismissed Enrique's 1973 contest of the U.S. will for want of prosecution. Shortly thereafter, the court used SABT's 1973 application to admit the U.S. will to probate as a muniment of title as reflected in its Order of November 13, 2003. In her July 26, 2006 Original Petition attacking the order, Lucia asserts:

(1) the U.S. will proponents agreed in 1975 to renounce the U.S. will, recognize the Mexican will, and have it filed in the Bexar County deed records;

(2) as evidence of the settlement, the attorney for the U.S. will proponents filed the Mexican will;

(3) the filing of the Mexican will in 1978 disposed of Henry's property in Bexar County;

(4) the U.S. will proponents violated the agreement by seeking to probate the U.S. will approximately twenty-five years after the Mexican will had been filed; and

(5) the U.S. will proponents engaged in extrinsic fraud to obtain the November 13, 2003 Order because the proponents knew about the settlement and deliberately failed to notify Lucia of their actions seeking to probate the U.S. will.

Because, *inter alia*, the U.S. will proponents failed to give Lucia notice of their submission of the November 13, 2003 Order to the court, Lucia sought discovery sanctions.

Responding to Lucia's Petition, Kathleen filed a plea to the jurisdiction attacking Lucia's suit as untimely because it was filed after the probate court's plenary power had expired. In reply, Lucia filed a plea to the jurisdiction attacking the November 13, 2003 Order admitting the U.S. will to probate and seeking Rule 13 sanctions against Kathleen. The probate court granted Kathleen's plea to the jurisdiction, dismissed Lucia's Petition, and denied Lucia's plea to the jurisdiction.

## ISSUES ON APPEAL

On appeal, Lucia raises three issues: (1) the probate court erred in its November 30, 2007 Order dismissing Lucia's July 2006 action and granting Kathleen's plea to the jurisdiction, (2) the probate court erred by refusing to consider and grant Lucia's requests for sanctions, and (3) the probate court erred by probating the U.S. will without proper notice to Lucia.

## DISMISSAL OF CHALLENGE TO ALLEGEDLY VOID ORDER

In her first issue, Lucia asserts the probate court erred in its November 30, 2007 Order granting Kathleen's plea to the jurisdiction, dismissing Lucia's July 2006 Petition asserting the November 13, 2003 Order was void, and denying Lucia's plea to the jurisdiction.

**A.  Standard of Review**

A plea to the jurisdiction may challenge the subject matter jurisdiction of the court.  *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).  If the plea is appealed, we review the order de novo.  *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007).  In our review, we tailor our analysis based on whether the movant challenges the plaintiff's pleadings or the existence of jurisdictional facts.  *Miranda*, 133 S.W.3d at 226–27.  If the plea challenges the pleadings, we determine if the pleader has affirmatively demonstrated the court's jurisdiction to hear the case.  *Id.* at 227.  "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent."  *Id.* at 226 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

**B.  Construing Pleadings As a Collateral Attack**

In July 2006, more than two years after the November 13, 2003 Order became a final, appealable order, Lucia filed an Original Petition or Motion to Set Aside the November 13, 2003 Order.  The probate court considered the substance of Lucia's pleadings and decided her pleadings could not be construed as a direct appeal (no notice of appeal), a statutory bill of review or a will contest (not filed within two years), or an equitable bill of review (improper form, failure to pursue available legal remedies).  The probate court then held that it lacked jurisdiction over Lucia's Petition, dismissed it, and denied her plea.  However, as described below, the substance of Lucia's Petition provides another basis for the probate court's jurisdiction.

*1.  Construing Pleadings*

Appellate decisions should "turn on substance rather than procedural technicality."  *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121 (Tex. 1991) (citing *Gay v. City*

*of Hillsboro*, 545 S.W.2d 765, 766 (Tex. 1977)). In our review, we "look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *accord* TEX. R. CIV. P. 71. A pleading's style does not control over its substance and purpose. *Hodge v. Smith,* 856 S.W.2d 212, 214 n.1 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Nichols v. Prejean,* 673 S.W.2d 394, 396 (Tex. App.—Tyler 1984, no writ), *overruled on other grounds by Smith v. Smith*, 694 S.W.2d 426, 430 (Tex. App.—Tyler, writ ref'd n.r.e.). For instance, where a pleading is not expressly styled as—but its substance is that of—a collateral attack, the court may construe the pleading based on its substance. *See* TEX. R. CIV. P. 71. Where the substance of the pleading warrants, the court may also "construe the [plaintiffs'] pleadings as containing an implicit request for a declaratory judgment." *Edwards Aquifer Auth. v. Bragg*, 21 S.W.3d 375, 381 (Tex. App.—San Antonio 2000), *aff'd*, 71 S.W.3d 729 (Tex. 2002).

### 2. *Declaratory Judgment Action in Will Contest*

The Uniform Declaratory Judgments Act (UDJA) is intended "to settle and to afford relief from uncertainty and insecurity with respect to rights . . . and it is to be liberally construed and administered." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002 (Vernon 2008); *accord Cobb v. Harrington*, 144 Tex. 360, 367, 190 S.W.2d 709, 713 (1945); *Puretex Lemon Juice, Inc. v. Cal. Prods., Inc.*, 324 S.W.2d 449, 453 (Tex. Civ. App.—San Antonio 1959), *aff'd*, 160 Tex. 586, 334 S.W.2d 780 (1960). The UDJA also provides that "[a] person interested under a . . . will . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 2008). Heirs at law and devisees under a will are interested persons with standing to contest a will, *see* TEX. PROB. CODE ANN.

§ 3(r) (Vernon 2003); *Foster v. Foster*, 884 S.W.2d 497, 501 (Tex. App.—Dallas 1993, no writ), and they may do so in a declaratory judgment action, *see Hartman v. Solbrig*, 12 S.W.3d 587, 594 n.7 (Tex. App.—San Antonio 2000, pet. denied); *Harkins v. Crews*, 907 S.W.2d 51, 55 (Tex. App.—San Antonio 1995, writ denied).

### 3. Collateral Attack on Order

A declaratory judgment action may be coincident with a collateral attack. *See City of Celina v. Dynavest Joint Venture*, 253 S.W.3d 399, 403 (Tex. App.—Austin 2008, no pet.); *Glunz v. Hernandez*, 908 S.W.2d 253, 255 (Tex. App.—San Antonio 1995, writ denied). A collateral attack is used to attack a void order and has no set procedure or statute of limitations. *Roman Catholic Diocese of Dallas v. County of Dallas Tax Collector*, 228 S.W.3d 475, 480 (Tex. App.—Dallas 2007, no pet.); *Zarate v. Sun Operating Ltd.*, 40 S.W.3d 617, 620–21 (Tex. App.—San Antonio 2001, pet. denied). "A trial court has jurisdiction over [a] collateral attack[] seeking a declaration that a challenged [order] is void." *Dynavest*, 253 S.W.3d at 404. Although not available for intrinsic fraud, "a collateral attack on a judgment on the basis of extrinsic fraud is allowed." *Browning v. Prostok*, 165 S.W.3d 336, 348 (Tex. 2005).

## C. Analysis

The substance of Lucia's pleadings reflects a declaratory judgment action and a collateral attack of a void judgment. *See Dynavest*, 253 S.W.3d at 404; *Bragg*, 21 S.W.3d at 381. Lucia was an interested person who sought to protect her property interest under the Mexican will. *See* TEX. PROB. CODE ANN. § 3(r) (Vernon 2003); *Foster v. Foster*, 884 S.W.2d 497, 501 (Tex.

App.—Dallas 1993, no writ). By her pleadings, Lucia initiated a declaratory judgment action.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 2008). Further, Lucia asserted the November 13, 2003 Order was void, expressly alleged extrinsic fraud, and sought to avoid the effects of the order. *See Browning*, 165 S.W.3d at 346.

Responding to Lucia's July 2006 Petition, Kathleen's plea to the jurisdiction challenged Lucia's pleadings, but not the existence of jurisdictional facts. *See generally Miranda*, 133 S.W.3d at 226–28. Kathleen's plea recited the dates of the November 13, 2003 Order and Lucia's July 2006 Petition to show Lucia's Petition was filed after the probate court's plenary power had expired. According to *Miranda*, the probate court was left to determine whether Lucia's pleadings "alleged facts that affirmatively demonstrate[d] the court's jurisdiction to hear the cause." *See id.* at 226.

In its review, the probate court was obliged to follow two guidelines: first, "construe [Lucia's] pleadings liberally in [her] favor . . . and [second,] look to [her] intent." *Id.*; *cf. Heard*, 603 S.W.2d at 833 (approving construing a pleading based on its substance rather than merely its title). First, Lucia's pleadings articulate jurisdictional facts supporting both jurisdiction and venue for her suit in the probate court. Specifically, Lucia asserted she was challenging an order issued in the administration of an estate, the property in dispute was in Bexar County, the defendant (Kathleen) resided in Bexar County, Lucia was a beneficiary under the Mexican will, Lucia's property rights would be adversely affected by the U.S. will, and she sought affirmative

---

[1] A declaratory judgment action is an additional remedy to other available remedies. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 100 S.W.3d 510, 516 (Tex. App.—Austin 2003, pet. denied); *see Gunter's Unknown Heirs & Legal Representatives v. Lagow*, 191 S.W.2d 111, 113 (Tex. Civ. App.—Austin 1945, writ ref'd). Parties seeking to protect their interest in real property may bring a declaratory judgment action even when a trespass to try title suit may also have been used. *Salinas v. Gutierrez*, 341 S.W.2d 558, 560 (Tex. Civ. App.—San Antonio 1960, writ ref'd n.r.e.); *see Lagow*, 191 S.W.2d at 113.

relief from the probate court.  *See* TEX. PROB. CODE ANN. §§ 5, 5A (probate court jurisdiction), § 6 (proper venue) (Vernon 2003).

Second, Lucia pled the basis for a collateral attack: she challenged the November 13, 2003 Order as void and expressly charged extrinsic fraud.  She alleged the U.S. will proponents used a Rule 11 letter and a partially executed settlement agreement "to induce [her] inaction in reliance upon the representation and agreement."  *See Browning*, 165 S.W.3d at 347 ("[A] fiduciary's concealment of material facts to induce an agreed or uncontested judgment, which prevents a party from presenting his legal rights at trial, is extrinsic fraud.").  Lucia did not need to follow a particular procedure to present her collateral attack, and her attack was not barred by a statute of limitations.  *See Roman Catholic Diocese of Dallas*, 228 S.W.3d at 480; *Zarate*, 40 S.W.3d at 621–22.

Reviewing the probate court's November 30, 2007 Order, we hold the probate court erred by granting Kathleen's plea to the jurisdiction for lack of jurisdiction.  Lucia's pleading is properly construed as a collateral attack on an allegedly void order, *see Heard*, 603 S.W.2d at 833, and it "alleged facts that affirmatively demonstrate[d the probate] court's subject matter jurisdiction," *Miranda*, 133 S.W.3d at 226.  Therefore, construing the substance—but not deciding the merits—of Lucia's case, we sustain Lucia's first issue on appeal.

### DENIAL OF DUE PROCESS

In addition to her argument that the probate court's order was void as a result of extrinsic fraud, Lucia argues the November 13, 2003 Order was void for lack of procedural due process. In her July 2006 Petition, Lucia complained that the November 13, 2003 Order was void because it denied her due process based on lack of notice prior to the November 2003 hearing and the Order deprived her of an interest in real property.  *See In re Keeling*, 227 S.W.3d 391, 395 (Tex.

App.—Waco 2007, no pet.). Although the probate court dismissed Lucia's suit for want of jurisdiction, we held the court had jurisdiction over her pleadings as a collateral attack. Because we hold that Lucia's July 2006 Petition was properly before the court as a collateral attack, we do not address the merits of whether the November 13, 2003 Order was void for lack of due process. *See* TEX. R. APP. P. 47.1 (requiring concise opinions addressing only those issues "necessary to final disposition of the appeal").

### DENIAL OF MOTIONS FOR SANCTIONS

In her second issue, Lucia asserts the probate court abused its discretion by refusing to hear and denying her motion for sanctions. In her September 2006 Plea to the Jurisdiction and Motion for Sanctions, Lucia claimed the trial court lacked jurisdiction to enter the November 13, 2003 Order, and also sought Rule 13 sanctions against Kathleen for submitting the October 2003 Order on behalf of SABT, a by-then non-existent entity, and other pre-November 13, 2003 conduct. On October 11, 2007 the court heard the parties' competing pleas to the jurisdiction. The record reflects that the court directed its attention exclusively to the competing pleas to the jurisdiction "because that may end up resolving everything." There is no evidence in the record that the court addressed Lucia's motion for sanctions before it granted Kathleen's plea to the jurisdiction and denied Lucia's plea to the jurisdiction.[2] Because the motion for sanctions was never heard or expressly ruled upon, there is nothing before us to review. *See* TEX. R. APP. P. 33.1(2) (requiring a trial court ruling—or refusal to rule—as a prerequisite to presenting a complaint for appellate review). We, therefore, decline to address the merits of the motion for sanctions so that the trial court may consider it on remand.

---

[2] Appellee claims the court's consideration of the motion for sanctions is reflected in the court's denial of Lucia's pleading entitled Plea to the Jurisdiction and Motion for Sanctions. However, there is no evidence in the record that the motion for sanctions was ever considered and according to the record the denial pertains to Lucia's plea to the jurisdiction.

**LATE REPORTER'S RECORD**

In her brief, Appellee Kathleen asserts Appellant Lucia waived each issue because Lucia initially failed to include the reporter's record in the appellate record and to make appropriate citations to the record. *See* TEX. R. APP. P. 38.1(h) ("The brief must contain . . . appropriate citations to authorities and to the record."). Lucia admits she made a late request for the reporter's record, but rejects Kathleen's complaints as meritless.

Resolving Kathleen's Motion to Strike the late reporter's record, the plain language of Rule 34.6(b)(3) controls: "An appellate court must not refuse to file a reporter's record . . . because of a failure to timely request it." *See* TEX. R. APP. P. 34.6(b)(3); *Daniels v. Univ. of Tex. Health Science Ctr. of Tyler*, 222 S.W.3d 4, 5 (Tex. App.—Tyler 2004, no pet.); *Arevalo v. Millan*, 983 S.W.2d 803, 807 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (en banc) (per curiam).

Here, Lucia timely filed her notice of appeal and her appellant's brief. However, she failed to timely file the reporter's record—but later requested it. This court granted Lucia's motion for an extension of time to file a reply brief until August 4, 2008, which is the day this court received the reporter's record. The next day, Kathleen moved to strike the late reporter's record. Notably, before the December 9, 2008 submission date, Lucia updated her brief to include citations to the clerk's record. In compliance with Rule 34.6(b)(3), we have filed the reporter's record.[3] *See* TEX. R. APP. P. 34.6(b)(3); *Daniels*, 222 S.W.3d at 5; *Arevalo*, 983 S.W.2d at 807. Accordingly, we deny Kathleen's motion to strike the reporter's record.

---

[3] In her plea to the jurisdiction, Kathleen challenged Lucia's pleadings, not the existence of jurisdictional facts. Thus, our review of Kathleen's plea was limited to examining Lucia's pleadings for facts demonstrating jurisdiction. *See Miranda*, 133 S.W.3d at 226.

## CONCLUSION

We hold the probate court erred in dismissing Lucia's July 2006 Petition for want of jurisdiction because the court should have construed the pleading as a declaratory judgment action and a collateral attack over which the court had jurisdiction. *See* TEX. R. CIV. P. 71; *Dynavest Joint Venture*, 253 S.W.3d at 404; *Bragg*, 21 S.W.3d at 381. Therefore, we sustain Lucia's first issue. Because there is no record that the trial court considered Lucia's request for sanctions, we overrule Lucia's issue that the probate court abused its discretion by failing to grant sanctions against Kathleen. Accordingly, we reverse the probate court's November 30, 2007 Order and remand this cause to the probate court for further proceedings consistent with this opinion.


Rebecca Simmons, Justice