## ORDER

RAILROAD COMMISSION
OF TEXAS, Appellant,

v.

BELKNAP VAN & STORAGE CO.
and Executive Van Lines, Inc.,
Appellees.

No. 3–94–316–CV.

Court of Appeals of Texas,
Austin.

Nov. 9, 1994.

Rehearing Overruled Dec. 21, 1994.

Dan Morales, Atty. Gen., Joe Foy, Jr., Asst. Atty. Gen., Energy Div., Austin, for appellant.

James O. Houchins, James O. Houchins & Associates, Austin, for appellees.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

The Railroad Commission ("Commission") appeals from a trial court judgment signed on May 4, 1994. The Commission timely perfected appeal, and later timely filed a one-volume transcript on June 24, 1994. The deadline for filing the statement of facts was July 5, 1994; a motion for extension of time to file the statement of facts was due July 20, 1994. Tex.R.App.P. 54(c). The Commission did not tender a statement of facts, an administrative record, or a motion for extension of time within this period.

The transcript included the notice of filing the agency record, pursuant to Texas Government Code Ann. § 2001.175(b) (West 1994),[1] and the Commission's designation of matters to be included in the transcript, pursuant to Texas Rule of Appellate Procedure 51(b). Neither document indicates that the trial court admitted the agency record into evidence. Although included in the designation of the transcript, the agency record was not tendered with the transcript.

On July 29, 1994, the Commission tendered a two-volume administrative record. At the same time, the Commission tendered a supplemental transcript containing an order to transmit original exhibits, signed on July 28, 1994. This order, as well as serving its housekeeping function under Texas Rule of Appellate Procedure 51(d), recites that the agency record was admitted into evidence. On August 4, 1994, the Commission filed a "Motion to Amend Appellate Record." In this motion, the Commission states that "the parties have agreed to stipulate that the agency record contained in the Supplemental Transcript is the same record which was offered by Appellees and admitted into evidence by the trial court."

The Commission now seeks to amend the transcript with the order transmitting original exhibits and supplement the existing record with the agency record. We will over-

1. Formerly § 19(d) of the Administrative Procedure and Texas Register Act. Act of May 29, 1983, 68th Leg., R.S., ch. 887, 1983 Tex.Gen. Laws 4952, 4952–53. In 1993, a nonsubstantive recodification occurred, and APTRA became the current Administrative Procedure Act. Act of May 4, 1993, 73d Leg., R.S., ch. 268, sec. 1, § 2001.001, 1993 Tex.Gen.Laws 583, 734 (now codified at Tex.Gov't Code Ann. §§ 2001.001–.902 (West Supp.1994)).

rule the motion to amend and decline to file the agency record.

Motions to supplement or amend the record may not be used to extend appellate deadlines for filing a statement of facts or an extension of time to file the statement of facts. *See Riggs v. Tech/III, Inc.,* 836 S.W.2d 302, 305 (Tex.App.—Dallas 1992, no writ) (opinion on motion). The Commission has submitted the two documents—the order to transmit original exhibits and the stipulation—in lieu of a question and answer statement of facts beyond the deadline for filing a statement of facts in this cause. Because either document is, in this context, the equivalent of a statement of facts, the Commission must have tendered the document within the time for filing a statement of facts or tendered a motion seeking an extension within the proper deadline. *See* Tex.R.App.P. 54(c); *Riggs,* 836 S.W.2d at 305. To permit the Commission now to rely on the statement that the administrative record was admitted in evidence that is contained in the order transmitting original exhibits or the stipulation that the record was admitted in evidence would allow the Commission to circumvent the appellate rules for orderly and timely filing the record in this Court.

In the absence of a properly filed statement of facts we have no basis on which to supplement the existing record with the agency record, which is a part of the statement of facts. *See Rodriguez v. American Gen. Fire & Casualty Co.,* 788 S.W.2d 581, 582 (Tex.App.—El Paso 1989, writ denied) (opinion on motion) (motion to supplement must fail when record does not include statement of facts); *see also* Tex. Gov't Code Ann. § 2001.175(d) (West 1994) (reviewing court *shall* admit agency record into evidence). Unlike the situation in *Texas Water Comm'n v. Lakeshore Util. Co.,* 865 S.W.2d 615 (Tex. App.—Austin 1993, writ requested), in which the documents deemed to comprise the narrative or agreed statement of facts were timely included in the transcript,[2] in this

cause we do not have the equivalent of a timely filed statement of facts to supplement with the agency record. *Commerce Indep. Sch. Dist. v. Texas Education Agency,* 859 S.W.2d 627, 628–29 (Tex.App.—Austin 1993, writ dism'd);[3] *see also Everett v. Texas Educ. Agency,* 860 S.W.2d 700, 702–03) (Tex. App.—Austin 1993, no writ).

We overrule the motion to amend, decline to file the administrative record, and decline to file the supplemental transcript containing the order transmitting original exhibits.

It is so ordered.

CARROLL, C.J., not participating.

---

2. The problem in *Lakeshore* was whether certain documents that did not fit the conventional format of an agreed or narrative statement of facts, but which served the same function, could be deemed to be an agreed or narrative statement of facts. Because these documents all were timely, there was a timely filed statement of facts to supplement.

3. Justice Powers dissenting at 629–635.