**ALUMINUM CHEMICALS (BOLIVIA), INC., Appellant,**

v.

**BECHTEL CORPORATION, Appellee.**

No. 06–99–00150–CV.

Court of Appeals of Texas,
Texarkana.

Aug. 1, 2000.

Bill Jones, Johnny Walker, Cash, Jones, LLP, Houston, for appellant.

J. Clifford Gunter, III, Bracewell & Patterson, LLP, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

### ORDER

DONALD R. ROSS, Justice.

Aluminum Chemicals, appellant, has filed a motion asking this Court to assess costs for preparation of a complete statement of facts in its appeal against the appellee, and to allow supplementation of the reporter's record. This is an appeal transferred on October 22, 1999, to this Court from the 14th Court of Appeals in Houston under an equalization order of the Texas Supreme Court.

The judgment in this case was signed on July 19, 1999. A motion for new trial was filed, and the notice of appeal was filed on October 13, 1999. The record was thus due on November 16, 1999. A clerk's record was filed on November 8, 1999, and Aluminum Chemicals requested the preparation of and filed an excerpt containing the trial testimony of one witness, and a transcription of a motion for sanctions in connection with her testimony, as its reporter's record on February 8, 2000. However, Aluminum Chemicals made no attempt to limit the scope of its appeal as

specifically provided by TEX.R.APP. P. 34.6. The appellant filed its brief on April 13, 2000, and the appellee filed its brief on May 17, 2000. On May 18, 2000, we informed counsel that this Court would be traveling from Texarkana to Houston for oral argument in this case and a number of other appeals, and that this appeal would be heard on Wednesday, July 12, 2000.

On the day before argument, counsel for Aluminum Chemicals presented a motion asking this Court to postpone oral argument for at least four months. The motion was denied.

Although Aluminum Chemicals did not attempt to limit its appeal as it could have under Rule 34.6, on April 3, 2000, counsel attempted to operate outside the rules by attempting to obtain an agreement from opposing counsel that a full record was unnecessary for the purpose of its appeal. Bechtel's counsel declined the request.

Aluminum Chemicals has now filed a motion asking to file a supplemental reporter's record, *which consists of the entirety of the trial, save only the two previously filed excerpts of testimony.* In connection with that motion, Aluminum Chemicals also asks us to direct Bechtel to pay for the preparation of the additional record, which it states will cost between $10,000.00 and $15,000.00.

In *Crown Life Ins. Co. v. Estate of Gonzalez,* 820 S.W.2d 121 (Tex.1991), the court held that a court of appeals should grant presubmission leave to supplement the record absent a finding of unreasonable delay. The court reasoned that appellate courts must construe former Rule 55(b) [1] liberally so their decisions "turn on substance rather than procedural technicality." *Crown Life Ins. Co.,* 820 S.W.2d at 121. The court held that the rule ap-

plies whether parts of the record were omitted by mistake or at appellant's request, and noted that, while leave to supplement post-submission is often denied, seldom is a party who otherwise timely files a record denied presubmission leave to supplement.[2]

We recognize that new Rule 34.6(d) is even more lenient, allowing any party to direct the court reporter to prepare, certify, and file in the appellate court a supplemental record which shall become part of the appellate record. In addition, Rule 34.6(b)(3) prohibits us from refusing to file a reporter's record or supplemental record because of a failure to timely request it. *See Roberts v. Roberts,* 999 S.W.2d 424, 438 (Tex.App.-El Paso 1999, no pet.).

We do not believe that TEX.R.APP. P. 34.6(d) contemplates the situation before us, and we do not find the situation in *Crown Life* or *Gallagher* to parallel the situation in this appeal.[3] In this case, Aluminum Chemicals filed only a very minute portion of the testimony from a lengthy trial. Aluminum Chemicals is actually not attempting to supplement an existing record; it is now attempting for the first time to *file* a record. It is thus distinguishable from *Crown Life* or *Gallagher,* cases in which only a portion of a record was omitted rather than the entirety of the trial. If we permit such a use of the rule, we add an entirely new and unnecessary level of gamesmanship to the pursuit of an appeal. We find this to be an inappropriate use of the rule allowing supplementation.

■ An explicit method for limiting an appeal is provided by the rules. Counsel did not attempt to avail himself of that remedy, but nevertheless filed a limited record, and only attempted to make prepa-

---

1. TEX.R.APP. P. 55(b) (Vernon 1997).

2. *Citing Williams v. Mack Fin. Corp.,* 505 S.W.2d 316, 319–20 (Tex.Civ.App.-Tyler 1973, writ ref'd n.r.e.) (second opinion on reh'g) (party denied post-submission leave). *But see General Life and Accident Ins. Co. v. Handy,* 766 S.W.2d 370, 372–73 (Tex.App.-El Paso

1989, no writ) (in dicta, court denied presubmission leave finding that to grant motion would necessitate unwarranted delay).

3. *See Gallagher v. Fire Ins. Exch.,* 950 S.W.2d 370, 371 (Tex.1997).

rations to file a complete record on the eve of oral argument. We will not delay this appeal to allow counsel to second-guess his decision and entirely reframe his appeal at this late date. Granting the request would require a delay for preparation and filing of the reporter's record, followed by re-briefing by both parties, followed by new oral arguments.[4] We find that allowing post-submission supplementation in this case would cause an unreasonable delay in the disposition of this appeal.

Aluminum Chemicals also asks us to order the appellee to pay for the preparation of a portion of the record that it considers unnecessary, citing TEX.R.APP. P. 34.6(c)(3). Initially, we note that the rule provides that additions requested by *another party* must be included at appellant's cost. This record was not requested by "another party," but by Aluminum Chemicals. Thus, the rule does not apply on its face. Further, the rule states that findings on whether or not designated additions are unnecessary to the appeal are to be made by the trial court, which is to order payment. Thus, it appears that the relief must be sought from the trial court rather than from the appellate court hearing the appeal.

The request to late-file a "supplemental" reporter's record is denied.

4. We also recognize that counsel attempted to convert his motion into a presubmission motion to supplement by requesting a minimum of a four-month continuance in oral arguments.