**Patricia DANIELS, Appellant,**

v.

**UNIVERSITY OF TEXAS HEALTH
SCIENCE CENTER OF
TYLER, Appellee.**

No. 12–03–00399–CV.

Court of Appeals of Texas,
Tyler.

Aug. 11, 2004.

Patricia Daniels, pro se.

James W. Volberding, for appellant.

R. Kyle Hensley, for appellee.

Panel consisted of WORTHEN, C.J.,
GRIFFITH, J., DeVASTO, J., not
participating.

## ORDER

JAMES T. WORTHEN, Chief Justice.

By unpublished order dated July 14, 2004, this Court denied the motion of Appellant Patricia Daniels to supplement the reporter's record ("motion to supplement").[1] Daniels has filed a motion requesting that we reconsider our ruling. We deny the motion. However, we issue this order to further explain our ruling on Daniels's motion to supplement.

### BACKGROUND

Daniels sued University of Texas Health Science Center ("UTHC") for injuries she received when a UTHC employee pushed a large metal cart into her. A jury found that UTHC negligently caused Daniels's injuries, awarded her $12,000 in past medical expenses, and denied her claims for pain and suffering, mental anguish, and

---

1. Daniels refers to this Order as a ruling by the Clerk and an Order of the Clerk. This is incorrect. The Order was communicated to the parties, in writing, by the Clerk of the Court as is the standard practice of this Court for unpublished orders. The communication states on its face that "the following decision and order was this day made and entered by this Court."

physical impairment. The trial court entered judgment on the jury's verdict. Daniels timely filed her notice of appeal, which, as amended, states that her issues on appeal relate to damages.

On July 8, 2004, Daniels filed her appellate brief.[2] On the same date, she filed a motion for leave to supplement the reporter's record. In her motion, Daniels alleged that as counsel prepared the brief in this appeal, "it was determined that the Court would benefit by reading the medical exhibits at trial which provided objective medical evidence of pain and suffering. Mrs. Daniels did not request the Reporter's Record because it is expensive and consists largely of liability testimony and subjective assessments of injuries."

In our order overruling the motion, we acknowledged that Texas Rule of Appellate Procedure 34.6(d)[3] permits supplementation of the reporter's record and that Rule 34.6(b)(3) prohibits an appellate court from refusing to file a supplemental reporter's record for failure to timely request it. However, we stated that these rules apply only where a reporter's record has been filed with the appellate court. Because Daniels had not filed a reporter's record, we concluded she was not entitled to file a supplemental reporter's record. As authority for our ruling, we cited *Aluminum Chems. (Bolivia), Inc. v. Bechtel Corp.*, 28 S.W.3d 49, 50 (Tex.App.-Texarkana 2000, no pet.) and *Railroad Comm'n of Texas v. Belknap Van & Storage*, 893 S.W.2d 1, 2 (Tex.App.-Austin 1994, no writ).

### SUPPLEMENTATION OF THE REPORTER'S RECORD

■ Daniels asserts that we have misconstrued Rule 34.6(d). She reasons that

(1) the reporter's record must be requested at or before the time for perfecting the appeal, TEX.R.APP. P. 34.6(b)(1), but (2) an appellate court must not refuse to file a reporter's record or a supplemental reporter's record because of the failure to timely request it, TEX.R.APP. P. 34.6(b)(3), and (3) the reporter's record can be supplemented if anything relevant is omitted. TEX.R.APP. P. 34.6(d). Therefore, Daniels concludes as follows:

> Rule 34.6 allows Mrs. Daniels, therefore, to conduct her research, write her brief, determine what portions of the expensive record are actually necessary for effective presentation, and *then* request and file the excerpts from the reporter's record which are actually necessary. (Emphasis in original).

We disagree.

### *Construction of Rule 34.6*

If anything relevant is omitted from the reporter's record, Rule 34.6(d) permits the filing of a supplemental record containing the omitted items. The supplemental record, when filed, becomes part of the appellate record. *Id.* Further, Rule 34.6(b)(3) prohibits an appellate court from refusing to file a reporter's record or supplemental record because of a failure to timely request it. However, the question before us does not involve the effect of an appellant's failure to timely request a reporter's record. In fact, Daniels noted on her docketing statement, and still maintains, that a complete reporter's record is not necessary for the disposition of the issues she raises on appeal.

Daniels also does not ask us to determine whether a previously-filed reporter's

---

**2.** On July 19, Daniels filed a supplemental brief for reasons unrelated to her motion to supplement.

**3.** All rule references are to the current version of the Texas Rules of Appellate Procedure unless otherwise noted.

record can be supplemented after an appellant files her brief. The question we resolved by our ruling on Daniels's motion to supplement and address again in this Order is whether a reporter's record can be "supplemented" if no reporter's record was filed previously.

Rule 34.6(d) provides a means for assuring that all relevant material is included in the reporter's record filed with an appellate court. The rule provides that "[i]f anything relevant is *omitted* from the reporter's record, . . . any party may . . . file in the appellate court a *supplemental* reporter's record containing the *omitted* items." TEX.R.APP. P. 34.6(d) (emphasis added). To "omit" is "to fail to include" or to "leave out." THE AMERICAN HERITAGE DICTIONARY 867 (William Morris ed., 2nd College ed.1985). A "supplement" is "something added to complete a thing, make up for a deficiency, or extend or strengthen the whole." THE AMERICAN HERITAGE DICTIONARY 1221 (William Morris ed., 2nd College ed.1985). Therefore, according to the plain language of Rule 34.6(d), a supplemental reporter's record may be filed when a reporter's record has been filed and is later discovered to be incomplete. We see nothing in the language of the rule that supports Daniels's interpretation.

Moreover, the Austin Court of Appeals has held that "[i]n the absence of a properly filed statement of facts we have no basis on which to supplement the existing record with the agency record, which is a part of the statement of facts." *Belknap Van & Storage*, 893 S.W.2d at 2 (applying the prior rule). More recently, the Texarkana Court of Appeals has held that supplementation is inappropriate where the appellant has not previously filed a reporter's record. *Bechtel*, 28 S.W.3d at 50. Consequently, based upon our interpretation of the plain language of Rule 34.6(d) and the

holdings in *Belknap Van & Storage* and *Bechtel*, Daniels is not entitled to file a supplemental reporter's record because there is no reporter's record to supplement.

### Court Reporter's Certification

Daniels states that some, but possibly not all, of her medical records and certain deposition excerpts are contained in the three volumes of the clerk's record filed in this appeal. She further states that the records were "certainly" introduced at trial and she merely seeks to provide a certification by the court reporter that the documents already before this Court were in fact admitted exhibits.

■ The court reporter is responsible for preparing, certifying, and timely filing the reporter's record. TEX.R.APP. P. 35.3(b). The court reporter's certification is a part of the reporter's record. TEX. R.APP. P. appendix, Order Directing the Form of the Appellate Record in Civil Cases, § B(1)(q). Therefore, the court reporter's certification, like the reporter's record Daniels intends it to replace, must be filed in accordance with the rules applicable to filing a reporter's record. *See Riggs v. Tech/III, Inc.*, 836 S.W.2d 302, 304 (Tex.App.-Dallas 1992, no writ). An appellant cannot circumvent the rules relating to the filing of a reporter's record by furnishing a court reporter's certification relating to matters included in the clerk's record. *Id.*

### Financial Inability to Furnish Record

Daniels explains that she did not furnish a complete reporter's record because of the expense involved. We are not unsympathetic to Daniels's situation. However, the rules of appellate procedure provide two methods for filing a limited reporter's record.

To limit the size of the reporter's record, thereby reducing the cost, an appellant may choose to file a partial reporter's record as permitted by Rule 34.6(c) or an agreed reporter's record as permitted by Rule 34.2. An appellant who requests a partial reporter's record must also include in the request a statement of the issues to be presented on appeal and will then be limited to those issues. TEX.R.APP. P. 34.6(c)(1). Any other party may designate additional exhibits and portions of the testimony to be included in the reporter's record. TEX.R.APP. P. 34.6(c)(2). The appellate court must then presume that the record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. TEX. R.APP. P. 34.6(c)(4). Similarly, where the parties file an agreed record in compliance with the applicable rules, the appellate court will presume the agreed record contains all the evidence and filings relevant to the appeal. TEX.R.APP. P. 34.2.

Daniels did not attempt to avail herself of any of those methods. She cannot now file, in effect, a limited reporter's record contrary to any of the methods permitted by the rules.

### CONCLUSION

The reporter's record is a part of the appellate record and must be filed, if at all, in accordance with the Texas Rules of Appellate Procedure. The rules specify the deadlines for filing a reporter's record and permit supplementation of a reporter's record when relevant material is omitted from it. The rules also provide for filing a limited record, which will be presumed to contain the entire record relevant to the issues presented on appeal. However, the rules do not permit an appellant to provide isolated portions of the reporter's record without the context of the underlying testimony, identified as a supplemental report-er's record, when no reporter's record has been filed previously.

We have carefully considered the arguments presented in Daniels's motion for reconsideration of our prior order dated July 14, 2004, denying Daniels's motion to supplement. For the reasons set forth above, we conclude that our July 14 order was correct. The motion for reconsideration is *denied.*