ACCEPTED
04-14-00357-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/25/2015 9:50:13 PM
KEITH HOTTLE
CLERK

04 -14 -00357 CV

# In The Court Of Appeals
# For The Fourth District Of Texas
# San Antonio Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

08/25/2015 9:50:13 PM

KEITH E. HOTTLE
Clerk

## BURTON KAHN
*APPELLANT*

V.

## HELVETIA ASSET RECOVERY INC.
*APPELLEE.*

On Appeal From The 224 Judicial District Court Of Bexar County, Texas
Trial Court, No. 2013–CI -18355
Hon. Margret Tanner Presiding

## APPELLANT'S MOTION FOR EN BANC RECONSIDERATION

**Burton Kahn pro se**
**1706 Alpine Circle**
San Antonio, TX 78248
**210-408-9199**
glentrail@yahoo.com

## ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of the parties, attorneys and any other person who has any interest in the outcome of this lawsuit:

**Attorneys for Appellant:**

Burton Kahn Pro-se
1706 Alpine Circle
San Antonio, TX 78248
Tel (210) 408-9199
glentrail@yahoo.com

**Attorneys for Appellee:**

Elizabeth Conry Davidson
Attorney at Law
926 Chulie Drive
San Antonio, Texas 78216
(210) 380-4899 telephone
(210) 225-2300 facsimile
conrydavidson@gmail.com

Resigned
Haynes and Boone LLP
Lisa Barkley
112 E. Pecan St. Suite 1200
San Antonio, TX 78205 – 1524
Tel (210) 978-7427
Fax (210) 0427
Lisa.Barkley@ haynesboone.com

Resigned
Haynes & Boone, LLP
Werner A. Powers
Natalie DuBose
Scott Everett
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel (214) 651-5487
Fax (214) 200-0468
Werner.Powers@haynesboone.com

Real Party of Interest                  Puerto Verde Ltd. (Bahamian)

For Appellee Real Party of Interest      Puerto Verde Ltd. (Bahamian)

For Appellee

| | |
|---|---|
| Trial Judge: | Hon. Martha Tanner<br>224 th Judicial District Court<br>Bexar County, Texas |
| Previous Attorney Appellant | Appellant has represented himself pro se since December 14, 2013. His previous counsel was:<br><br>L. Terry George died on June 29, 2014.<br>Fort Worth, Texas<br><br>Jay R. Petterson<br>Jay R. Petterson, Attorney at *Law*, PLLC<br>12274 Bandera Road, Suite 210<br>Helotes, Texas 78023<br><br>Kathleen A. Cassidy Goodman<br>Law Office of Kathleen Cassidy Goodman<br>12274 Bandera Road, Suite 210<br>Helotes, Texas 78023<br><br>Richard H. Sommer<br>8610 N. New Braunfels Ave., Suite 309 San Antonio, Texas 78217<br><br>Robert W. Wachsmuth<br>Zachary J. Fanucci<br>Robert Wachsmuth & Associates<br>9311 San Pedro, Suite 707<br>San Antonio, Texas 78216 |

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES …………………… . ..... ............................ii

TABLE OF CONTENTS………………….. . ...... ..............................iv

TABLE OF AUTHORITIES … ..…............ . ...... .......................... vi

REQUEST FOR ORAL ARGUMENT………. . ...... .......................... x

INTRODUCTION ……………………………………………………..1

WHY IS KAHN PERSECUTED? ………………………………..………….2

ACTIONS BY KAHN ………………………………………………………3

ACTION BY APPELLEE ……………………..…………….…………6

CONCLUSION OF WHY IS KAHN PERSECUTED? ………..…………….9

ARGUMENT AND AUTHORITIES ...........................................10

POINT 1 ...............................................................................10

A FOREIGN CORPORATION NOT REGISTERED WITH THE
SECRETARY OF STATE CANNOT MAINTAIN A LAWSUIT
IN THE STATE OF TEXAS

CONCLUSION OF POINT 1 ...................................................13

POINT 2 ...............................................................................13

CONSTITUTION

CONCLUSION OF POINT 2 ...................................................15

POINT 3 ...............................................................................15

DENIAL OF MOTION FOR LEAVE TO FILE APPELLANT'S
3RD AMENDED BRIEF

CONCLUSION OF POINT 3 ................................................................17

POINT 4................................................................................................17

CLEAR AND CONCISE ISSUES

CONCLUSION OF POINT 4 ................................................................19

CONCLUSION ....................................................................................19

PRAYER ...............................................................................................20

VERIFICATION ...................................................................................20

CERTIFICATE OF COMPLIANCE....................................................21

CERTIFICATE OF SERVICE ..............................................................21

APPENDIX ...........................................................................................22

EXHIBIT 1   MEMORANDUM OPINION: IN RE PURPORTED LIEN OR
            CLAIM AGAINST HELVETIA ASSET RECOVERY, INC.

EXHIBIT 2   IN APPELLATE CASE 04-14-00569-CV, APPELLANT'S REPLY

            BRIEF EXHIBIT C ON PAGE 67

# INDEX OF AUTHORITIES

## CASES

*Aluminum Chems. (Bolivia) Inc. v. Bechtel Corp*
28 S.W.3d 64 (Tex.App.-Texarkana 2000, no pet.)............................16

*Aluminum Chems. (Bolivia) Inc. v. Bechtel Corp.,*
28 S.W.3d 49, 50 (Tex.App.-Texarkana) ............................16

*Baxter v. Palmigiano,*
425 U.S. 308, 318 (1976)............................3

*Bradford v. Vento,*
48 S.W.3d 749 (Tex. 2001)............................3

*Burnaman v. Heaton,*
240 S.W.2d 288, 291 (Tex. 1951)............................5

*Crown Life Ins. Co. v. Estate of Gonzalez,*
820 S.W.2d 121, 121 (Tex. 1991) ............................1.16

*Din v. Kerry,*
13-1402 (U.S. 6-15-2015)............................14

*El Paso Natural Gas v. Minco Oil & Gas, Inc.,*
8 S.W.3d 309, 316 (Tex. 1999)............................2

*Fairfield Ins. Co. v. Stephens Martin Paving, L.P.,*
246 S.W.3d 653, 664 (Tex.2008)............................15

*Gianetti v, Cross,*
091416 (U.S. 5-18-2010)............................13

*In Agricultural Bank of Mississippi ETA 1. v. Rice ET AL.*
45 U.S. 225 (1846)............................13

*In RE Cervantes,*
300 S.W.3d 865 (Tex.App.-Waco 2009, orig. proceeding) (op. on reh'g)............16

*In RE Gonzalez*,
04-14-00485-CV (Tex.App.-San Antonio 10-1-2014)…………………………..…12

*Interstate 35/chisam Road, L.p. v. Moayedi*,
377 S.W.3d 791 (Tex.App.-Dallas 2012)…………………………………………15

*Jay-Lor Text V. Pacific Compress Warehouse Company et al*,
547 S.W.2d 738 (Tex.Civ.App.-Corpus Christi 1977 ,writ ref'd n.r.e)………….11

*Kalkowski v. Neb National Trails Museum Foundation*,
290 Neb. 798 (2ʹ0 15)……………………………………………………………14

*Kealey Pharmacy & Home Care Service, inc. v. Walgreen Co.*,
539 F. Supp. 1357 (W.D. Wis. 1982), judgment affd
761 F.2d 345 (7th Cir. (1985)……………………………………………………14

*Lawrence v. CDB Servs., Inc.*,
44 S.W.3d 544, 553 (Tex.2001)……………………………………………………15

*Meyer v. Nebraska*,
262 U.S. 390,399 *(1923)*……………………………………………………….14

*Nath v. Children's Hospital*
375 S.W. 3d 403 (Tex.App.-Houston [14th Dist.] 2012 …………………………17

*Nguyen v. Kuljis*,
414 S.W.3d 236 (Tex.App.-Houston [1st Dist]…………………………………..16

*Perry v. Cohen*,
272 S.W.3d 585 (Tex. 2008)………………………………………………………2

*Quintero v. Jim Walter Homes, Inc.*,
654 S.W.2d 442, 444 (Tex. 1983)…………………………………………………5

*Republic Underwriters Ins. Co. v. Mex-Tex. Inc.*.
150 S.W.3d 423, 427 (Tex.2004) ………………………………………………19

*Roberts v. Roberts*,
999 S.W.2d 424, 438 (Tex.App.-El Paso 1999, no pet.)…………………………16

*Rush State Hosp. v. Black,*
 392 S.W.3d 88 (Tex. 2012)……………………………………………………12

*Taub v. Aquila S.W. Pipeline Corp.,*
93 S.W.3d 451, 461 (Tex. App.—Houston [14th Dist.] 2002, no pet.)…………..13

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,*
852 S.W.2d 440 (Tex. 1993)……………………………………………………12

*Verburgt v. Dorner,*
959 S.W.2d 615, 616, (Tex. 1997)………………………………………………2

*Vineyard v. Wilson,*
597 S.W.2d 21, 23 (Tex. Civ. App.-Dallas 1980, no writ)……………………5

**RULES**

Rule 34.6(d)……………………………………………………………………16

Rule 11 Agreement ………………………………………………5,10,13,15

Rule 34.6(d)……………………………………………………………………16

Tex.App, R 34.6 (f)……………………………………………………………16

Tex.R.App.P. 38.1…………………………………………………… 1, 10, 17

Tex.R.App.P.. 39.1…………………………………………………………… ix

Tex.R.App.P. 41.2……………………………………………………………1

Tex.R.App.P. 49.7……………………………………………………………1

**STATUTES**

Fourteenth Amendment of the Constitution of the United States …………..14,15

TEX. CONST. art. I, § 16………………………………………………………15

§ 5 1.903………………………………………………………………………………18

§ 9.051 BUS. ORG.…………………………………………………………………..11

Tex. Bus. Org. Code Ann. § 9.051(2)(b)……………………………………………11

Tex. Bus. Org. Code Ann. § 9.051(b)…………………………………………10,12

Tex. Bus. Org. Code Ann. § 9.251……………………………………………..….12

Tex. Civ, Prac. & Rem. Code § 10.004(d)………………………………………..17

## ARTICLES

*The Restatement (Third) of Restitution & Unjust Enrichment:*
 *Some Introductory Suggestions,*
 68 Wash. & Lee L. Rev. 899, 900(2011)………………………………………..14

## REQUEST FOR ORAL ARGUMENT

Pursuant to Tex.R.App.P. 39.1 Appellant Kahn requests to present oral argument in this proceeding to clarify any questions on Appellant's Brief.

TO THE HONORABLE COURT OF APPEALS:

The panel erred in concluding that the issues in the appeal were not clear and concise. Appellant files his motion, pursuant to Tex.R.App.49.7 and respectfully asks the Court to grant this motion to reconsider the case *en banc*. Appellant would respectfully show the court as follows:

## I;
## **INTRODUCTION**

Appellant is Burton Kahn ("Kahn") seeks en banc review of the judgment and opinion in this case issued on August 12, 2015. The panel that rendered judgment in this case consisted of Sandy Bryan Marion, Chief Justice, Rebecca C. Martinez, Justice and Patricia O. Alvarez, Justice. The opinion was authored by the Honorable Patricia O. Alvarez. A copy of the opinion is attached as **Exhibit 1**. This court has the authority to grant this motion and submit the case to the full court sitting en banc Tex.R.App.41.2; 49.7.

The dismissal for want of prosecution is a death penalty decision based on FORM and that the full Court should review the opinion that **absolute** conformity (although not defined) should rule in this case. The opinion states that the issues presented were not in accordance Tex.R.App.38.1. However they should be liberally construed and/or lenient as per Texas Supreme Court *See Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121 (Tex. 1991) (per curiam) (former Rule 55 was "to be liberally construed so that the decisions of the courts of appeals

1

turn on substance rather than procedural technicality");. *See  Perry v. Cohen*, 272 S.W.3d 585 (Tex. 2008) Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible. *See Verburgt*, 959 S.W.2d 615, 616, (Tex. 1997); *See El Paso Natural Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999).

There are additional issues regarding standing of the Appellee and Kahn's constitutional rights that are being violated with the panel's decision that the full court should review.

## II
## WHY IS KAHN PERSECUTED?

Kahn entered a contract, invested over $100,000; did all work and never received compensation; supplied all financial data to Appellee (of which $161,388.07 was taken out by Appellee and Kahn is owed $77,825.52; **Exhibit 2** a copy of summary sheet filed in Appellate case 04-14-00569-CV, Appellant's Reply Brief Exhibit C on  page 67. The accounting was never controverted.  Kahn placed funds held into the registry of the court. **(2RR42)** Kahn spent over $75,000 on attorneys fees of which one was sick and died, two where bribed and were fired and two that could not be continue due to lack of funds.  Kahn was forced to proceed in these lawsuits pro se,  which meant the purchase of  Justice O'Connor's books, other Law Books, trips to library, connection to the Internet and thousands of hours studying trying to get the rules, precedents and forms correct.  Kahn

2

needed to be secretary, proofreader, researcher and other tasks normally done in an attorney's office. *(Note, Kahn is defending for his LIFE and it is unfair for any prejudiced against him.)* Based on the actions of Appellee (see below) Kahn was has been stripped of all his possessions. Unlike the Appellee, Kahn has done no wrong yet Courts have rewarded Appellee for his cunning, fabrications and actions which are based on a bribed, unauthorized Rule 11 Agreement. **(1CR288-291)** The accusation that Kahn's attorney Petterson was bribed was never contradicted regarding the signing of the Rule 11 Agreement. Nor did Appellee have any testimony that the Rule 11 Agreement was anything but a 100% for Appellee and 0% for Kahn. This failure gives rise to an inference that the evidence is unfavorable to Appellee, *Bradford v. Vento*, 48 S.W.3d 749 (Tex. 2001): *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

## ACTIONS BY KAHN

Kahn contracted with John Ripley to form Joabert Development Company ("Joabert") to build the Royal Crest Subdivision, where Kahn owns 1/3 of the stock. **(3RR 82)** John Ripley supplied the funds by selling some of his properties in order to supply funds for Joabert. Kahn's responsibilities were to purchase properties, secure funds, design subdivisions infrastructure and roadways, constructed the infrastructure and did all the necessary paper work including dealing with local authorities. Kahn never got any compensation for the eight

3

years that he worked. Kahn had invested approximately $100, 000 of his own money. Kahn was selling lots from the Key Largo Subdivision to provide Joabert with construction funds.

A dispute arose on August 26, 2013 (**5RR 751**) Kahn was holding approximately $340,000 slated for Joabert less expense to be approximately $290,000. This was placed into the registry of the court. The shares of Helvetia were never purchased and to protect Helvetia/ Joabert from Robert Ripley, Kahn purchased the 1000 shares on September 7, 20131. (**5RR408-410**) The property would become Joabert but due to the controversy was in Kahn's name only.

Kahn on November 1, 2013 hired Jay R. Petterson, Attorney at Law, PLCC ("Petterson") to represent him in the several cases pending in Bexar County, Texas. (**5RR 284**)

On November 5, 2013, Kahn claiming 100% stockholder Helvetia filed a lawsuit 2013-CI-18394 , in the style of "Action on Fraudulent Lien on Property. Motion (**1CR1**),, Order **(1CR 76)** In that Motion signed by Petterson. **(1CR 1-95)** +**(5RR 6-12), (5RR 210,) Pl Ex 1,** claims that the documents included in 2013-CI-17516 are forgeries.

On November 15, 2013 Kahn's attorneys and Peterson signed a Rule 11 Agreement without Kahn's, consent to any of the details (**5RR 442**). Rule 11 agreement was 100% for Appellee and 0%for Kahn. (**5RR 451**) Kahn testified and

4

claimed that Petterson was bribed but that was never controverted. **(5RR 448)** Kahn fired Petterson and Goodman. **(5RR 444),** At the injunction Judge Pozza stated that she could not enforce the Rule 11 Agreement **5RR 661.** Although Kahn's contract with Petterson did not allow legal decisions without Kahn's consent. The Supreme Court said that "A party may withdraw his consent at any time prior to the time of rendition" *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951); *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983); *Vineyard v. Wilson*, 597 S.W.2d 21, 23 (Tex. Civ. App.-Dallas 1980, no writ).

Kahn supplied Appellee the financial statements and records as of June 1, 2013 together with two large garbage filed with receipts.**(5RR 486)** At Kahn's deposition December 6, 2013, supplied Appellee all financial statements and records which updated June 1 submission. Kahn later compiled a complete financial record which is located in, Appellate case 04-14-00569-CV.Appelants Reply Brief Exhibit C. Summary of the financial records show that Appellee has taken out $161,388.07 and Kahn is owed $77,825.52. on page 67 of Reply Brief. **Exhibit 2**.

A motion for sanctions for filing the 2013-CI-18394 case was filed against Kahn but not his attorney Petterson was filed by Puerto Verde Ltd. (a foreign

corporation not registered in Texas. The Court Ruled that Kahn pay Puerto Verde Ltd. and Helvetia $253, 416 (3R**R229)**

**ACTION BY APPELLEE**

In an effort to prove that Puerto Verde Ltd. a Bahamian Corporation("PVL") owned Helvetia Asset Recovery Inc. (" Helvetia") Robert and John Ripley went to Randolph Brooks to takeover Helvetia's accounts with documents and were denied access on September 16, 2013.

When the Bank takeover failed they filed a lawsuit in the name of Helvetia 2013-CI-17516, Order (**5RR 128-139**), Motion, **(5RR 315-340)** on October 23, 2013. The documents submitted to the court as proof of ownership were Minutes Of The Organizational Meeting Of The Board Of Directors Of Helvetia Asset Inc. A for-profit Corporation dated August 17, 2015 ("Original Minutes") (**5RR 322)** designating Kenneth Moore as president and a stock certificate 001 with 3 signatures of Moore dated August 20, 2007. (**5RR 327)**.

The form of the stock certificate was not the correct form. (**5RR 10),** **(5RR68)** Ripley did not contact Terry George ("George ") the organizer and attorney for Helvetia for the proper form of certificate. (**5RR 536,738)** George testified that he never provided any copies of the minutes to anyone but Burt Kahn. **(5RR 544)** *How did Ripley get a copy of the minutes in Canada, the weekend after minutes were completed ?* Ripley stated he did not have the form of the stock

certificate so he made one up and faxed the certificate to his brother John Ripley from Toronto, Canada. (**5RR 797**). There are no fax markings on the certificate so that faxing is questionable. Ripley never contacted George until September 2013, (**5RR 738**).

Most of the above facts were disputed in case In Re Helvetia Asset Recovery, Inc. 2013-CI-18394 filed with Kahn as Owner and President. Motion (**1CR1,**), and Order (**1CR 76**). Ripley provided at the injunction a copy of an email the Title Company sent Kahn as wiring instructions for the $1.2 million money trail exchange. Robert Ripley took this document and crossed out sender and in his own handwriting that stated "Please transfer 1.2 million USD to my Escrow Agent as outlined in these instructions. The funds will be used to capitalize a Texas Holdco and in return Puerto Verde will receive 1000 shares."(**5RR 227**) Robert testified that this document was a receipt from the title company however Robert crossed out the name of the Title Company's sender. (**5RR 831**) Ripley testified that the funds for the transfer came from the Ripley family trust. (**5RR 571**) There are no Bank records of this transfer and there are no records of the title company that this document was in existence and was given or received. *If the shares were bought on September 17, 2013 by Ripley, What about the shares purported issued by Moore on August 20, 2013?*

7

Robert testified that Scott Morrison ("Morrison") was the trust officer for the Bahamian bank (**5RR 705**) and as of October 22, 2007 he did not have any documentation on the ownership. (**5RR 704-705**) These instructions were never sent to Morrison but Morrison sent the transfer funds. The transfer was from Helvetia and Maple Bush Holding LTD. ("Maple Bush:). Ripley testified that he owns both Maple Bush and PVL (**5RR 799**) Ripley testified that the funds used to purchase the notes were from computer company he closed down. (**5RR 746**) On February 8, 2008, Ripley's sent email to Kahn again questioning ownership (**5RR 573**) Ripley does not have the original stock certificate (**5RR 801**) nor the receipt from the Title Company nor the minutes of the original meeting, that he claimed in his affidavits and testimony previously cited above.

Ripley submitted to the court Exhibit 39 (**5RR 840**) **DF Ex 10** which he called a kit.(**5RR844**) Ripley claimed that was provided by Mr. Terry George. (**5RR743**) George testified that he never provided any copies to anyone but Burt Kahn. (**5RR 544**) Exhibit 39 was comprised of transmittal and instruction letter, By laws and the Minutes Of The Organizational Meeting Of The Board Of Directors Of Helvetia Asset Inc. A for-profit Corporation dated of August 8, 2,007.(" August 8, 2007 minutes") The transmittal does not have any information on who has sent it nor is there a signature but it does state to review and call if there are any changes. (**5RR 851-882**) The By laws and August 8, 2007 has

8

George's signature on dated August 8, 2007 as of these documents are final. George testified that he never provided any copies to anyone but Burt Kahn. **(5RR544)** George testified that he Exhibit 39 was not his work. **5RR 549-557** The shares to be issued to Puerto Verde, Inc. are written in pencil. **(5RR 553)** Also per August 8, 2007 minutes state that George resigned on August 8, 2007. Ripley testified that he received Exhibit 39 by courier in Canada but does not have any envelope that it came in. **(5RR 738)** Ripley testified that this document was specially flown in to San Antonio from Canada for the injunction hearing. **5RR 711** *Who sent them? Ripley was in San Antonio testifying.* The bylaws state in pencil the offices to be 6751 Walzem which is different from the original minutes of August 17, 2007 which has George's address.( **5RR 393)** George's final statement was "I'm starting to wonder about- about some criminal activity myself" **(5RR557)**

## <u>CONCLUSION OF WHY IS KAHN PERSECUTED?</u>

Appellee's action of fabricating and forging a stock certificate, within a weekend after the Initial Meeting Minutes were completed; then handwriting over an e-mail sent to Kahn, claiming again he bought the same stock from a man who never sold stock; then presenting a Initial Meeting Minutes of a different date and fill-ins in PENCIL, than the one Appellee initially swore was correct in his filing of 2013-CI-17516, that the author attorney George stated, that the signature on that

document was not George's. Appellee's acts are gross misconduct, but instead of having the Appellee's pleadings struck gets awarded with rulings because of a Bribed Rule 11 Agreement and Kahn is pro-se. The discretion of this Court to reward Appellee and find that Kahn's Brief is in violation of Tex.R.App.38. is a miscarriage of Justice.

## ARGUMENT AND AUTHORITIES

### POINT 1
### A FOREIGN CORPORATION NOT REGISTERED WITH THE SECRETARY OF STATE CANNOT MAINTAIN A LAWSUIT IN THE STATE OF TEXAS

This case 2013-CI-18394 was filed by Helvetia Asset Recovery Inc. ("Helvetia") and signed by Jay R. Petterson. At the time of the filing, the ownership of the shares of Helvetia had not yet been determined. Burton Kahn ("Kahn") claiming ownership of the shares and was president of the corporation listed with the Secretary of State. (**5RR365**) Puerto Verde Ltd. ("PVL") as an Intervenor filed a Motions For Sanctions (**2CR 35**) and filed the First Amended Motion for Sanctions (**2CR 121**) PVL also signed a Rule 11 Agreement(**1CR 418-421**) .PVL is a Bahamian Corporation not registered with the Secretary of State as testified by Robert Ripley. (**5RR799**)

The Appellee, PVL according to Tex. Bus. Org. Code Ann. § 9.051(b) cannot maintain a suit in Texas. The Intervenor is a foreign corporation and in

order for it to maintain a suit he must get a certificate of authority. Tex. Bus. Org. Code Ann. § 9.051(b).

The Tex. Bus. Org. Code Ann. § 9.051 states:

> § 9.051 BUS. ORG. Transacting Business or Maintaining Court Proceeding Without Registration
>
> (a) On application by the attorney general, a court may enjoin a foreign filing entity or the entity's agent from transacting business in this state if:
>
> (1) the entity is not registered in this state; or
>
> (2) the entity's registration is obtained on the basis of a false or misleading representation.
>
> (b) A foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state, brought either directly by the entity or in the form of a derivative action in the entity's name, on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter.

The issue in this case is who owns the stock of Helvetia, Puerto Verde Ltd. or Kahn. PVL has brought this Sanction action. This is in direct violation of Tex. Bus. Org. Code Ann. § 9.051(2)(b) because Puerto Verde Ltd . is a foreign corporation without a certificate of authority. In *Jay-Lor Text V. Pacific Compress Warehouse Company et al*, 547 S.W.2d 738 (Tex.Civ.App.-Corpus Christi 1977 ,writ ref'd n.r.e) Pacific Compress Warehouse Company ("Pacific")was awarded judgment against Jay-Lor Tex. Pacific was a foreign Corporation that did not have

11

a certificate of authority.  The Appellate Court found that Pacific Compress Warehouse Companies was not allowed to maintain a suit and judgment was reversed.

Tex. Bus. Org. Code Ann. § 9.251 lists activities not constituting transacting business in this state for purposes of this chapter,. Puerto Verde Ltd. does not fall under any of these activities because it initiated the motion  so that was not defending.

Puerto Verde Ltd did not obtain a certificate of authority from the Secretary of State and has no standing, according to Tex. Bus. Org. Code Ann. § 9.051(b). A foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state, brought either directly by the entity or in the form of a derivative action in the entity's name, on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter.

Standing is a component of subject matter jurisdiction, and can be raised for the first time on appeal. Subject matter jurisdiction is essential to the authority of a court to decide a case. Standing is implicit in the concept of subject matter jurisdiction.. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440  (Tex. 1993), *Rusk State Hosp. v. Black*, 392 S.W.3d 88 (Tex. 2012), *In RE Gonzalez*, 04-14-00485-CV (Tex.App.-San Antonio 10-1-2014)

"An absence of standing deprives the trial court of subject matter jurisdiction and renders any trial court action void., *Taub v. Aquila S.W. Pipeline Corp.*, 93 S.W.3d 451, 461 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). Thus the Sanction Order in this case is void.

## CONCLUSION OF POINT 1

By not complying with the laws of registration, taxes are avoided and illegal activities such as money laundering and terrorist activities are enabled. PVL should have all its pleadings and motions voided including the Final Judgment and Sanction Order.

## POINT 2
## CONSTITUTION

A. Kahn has a Constitutional Right to withdraw from a unauthorized Rule 11 Agreement in which his lawyers were bribed to sign, that was 100% for Appellee and 0% for Kahn. (Although Courts find that the Rule 11 Agreement is not enforceable, yet Courts ruled as per agreement except for date of trial and jury.)

The Rule 11 Agreement was 100% for Appellee and 0% for Appellant. Appellant has the right to act with Free Will, not to allow or enter this agreement. The Supreme Court of the United States has ruled on the issue of rights to contract for many years. *In Agricultural Bank of Mississippi ETA 1. v. Rice ET AL*, 45 U.S. 225 (1846) stated "she exercises that free will which is of the essence of all contracts." In *Gianetti v, Cross*, 091416 (U.S. 5-18-2010),

13

"Liberty to contract is a basic, fundamental and highly important right. The principle, by and large, is that the making of contracts shall be free of governmental interference *('Kealev Pharmacy & Home Care Service, inc. v. Waigreen Co.,* 539 F. Supp. 1357 (W.D. Wis. 1982), judgment affd 761 F.2d 345 (7th Cir. (1985).-

In *Din v. Kerry,* 13-1402 (U.S. 6-15-2015) states:

For example: "Without doubt, [the liberty guaranteed by the Due Process Clause] denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to many, establish a home and bring up children, [and] to worship God according to the dictates of his own conscience" *Meyer v. Nebraska,* 262 U.S. 390,399 *(1923)*

The right to contract is a Fourteenth Amendment right. Appellant is claiming the antithesis of the right to contract, that he has the right to reject a contract that is not in his favor. The Court infers that right. The Nebraska Supreme Court expressed that inferred right, In *Kalkowski v. Neb National Trails **Museum** Foundation,* 290 Neb. 798 ($2^2$0 15) stating:

"concept that the parties should usually be free to enter or not enter into contracts according to their own free will. [fn24]...[th24] See Michael Traynor, *The Restatement (Third) of Restitution & UnjustEnrichment: Some Introductory Suggestions,* 68 Wash. & Lee L. Rev. 899, 900(2011)."

The Texas Constitution protects the freedom to contract, and the Texas Supreme Court has long recognized a strong public policy in favor of preserving the freedom of contract. *Interstate 35/chisam Road, L.p. v. Moayedi,* 377 S.W.3d

791 (Tex.App.-Dallas 2012) *See* TEX. CONST. art. I, § 16; *Fairfield Ins. Co. v. Stephens Martin Paving, L.P.*, 246 S.W.3d 653, 664 (Tex.2008); *Lawrence v. CDB Servs., Inc.*, 44 S.W.3d 544, 553 (Tex.2001),

The trial Court has sanctioned Kahn for not agreeing with a contract that was 100% for Appellee and 0% for Appellant..

## CONCLUSION OF POINT 2

The Final Judgment and Sanction Order violates Appellant's Rights of the Fourteenth Amendment of the Constitution of the United States and TEX. CONST. art. I, § 16 based on freedom to contract. Kahn has the right to act with Free Will not to allow or enter this agreement. Thus withdrawing the Tex Rule 11 is not sanctionable and this Court cannot allow Collateral Estoppel of the Sanction Order.

## POINT 3
## DENIAL OF MOTION FOR LEAVE TO FILE APPELLANT'S 3RD AMENDED BRIEF

The panel erred in denying Appellant's 3rd Amended Brief because their was good cause to file the 3rd Amended Brief to correct an error.

Alternatively the panel should Grant Kahn a new trial on the Motion for Sanctions based on an incomplete reporters record.

The memorandum stated "record citations do not comport with what Appellant contends or any pages contained within the appellate record." This was an Appellant /Reporter error due to Appellant only received the Reporters record

on a CD disc which was 880 pages of exhibits and not the 5 pages of transmission. Appellant filed a Motion for Leave to File it 3rd Amended Brief which corrected the error. The Court is required to allow supplementation Based on Tex.App. 34.6 (d) and (e) and is to be lenient *In RE Cervantes*, 300 S.W.3d 865 (Tex.App.-Waco 2009, orig. proceeding) (op. on reh'g) states:

> Although the rules are worded differently.[fn6] they all reflect a generally permissive approach to supplementation of the record. *See Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121 (Tex. 1991) (per curiam) (former Rule 55 was "to be liberally construed so that the decisions of the courts of appeals turn on substance rather than procedural technicality"); *Aluminum Chems. (Bolivia) Inc. v. Bechtel Corp.*, 28 S.W.3d 49, 50 (Tex.App.-Texarkana, order) ("new Rule 34.6(d) is even more lenient"), *disp. on merits*, 28 S.W.3d 64 (Tex.App.-Texarkana 2000, no pet.); *Roberts v. Roberts*, 999 S.W.2d 424, 438 (Tex.App.-El Paso 1999, no pet.) (similarly describing Rule 34.6(d) as "more lenient")

A motion for leave should be granted when Appellant shows good cause. *Nguyen v. Kuljis,* 414 S.W.3d 236 (Tex.App.-Houston [1st Dist]. Here an error of the 5 transmission pages was not sent to Kahn and the 3rd Amended Brief corrects the error. This error was done in good faith.

Alternative under Tex.App, Rule 34.6 (f) without the Appellant's fault of a significant portion of the court reporters notes were not sent to Appellant but sent to the appellate court. If the Appellate Court finds this error significant then the Appellate Court should give Appellant a new trial on the Motion for Sanctions.

16

## CONCLUSION OF POINT 3

The 5 pages not sent to Kahn by Reporter was not Kahn's fault and he has shown that there is good cause to file an amendment.

## POINT 4
## CLEAR AND CONCISE ISSUES

The panel erred in concluding that Appellant did not do provide a clear and concise argument with appropriate citations to authorities and to the record as required by Rule 38.1(i). *See* TEX. R. APP. P. 38.1(i).

Appellant Issue 1 states:

> "Kahn Cannot Be Charged Monetary Sanction Under
> Tex. Civ, Prac. & Rem Code § 10:1004(D) When The
> Party Is Representative By Counsel."

The appellant brief of *Nath v. Children's Hospital* 375 S.W. 3d 403 (Tex.App.-Houston [14th Dist.] 2012 stated as the issue of Represented by Counsel.

> "Judge Kirkland abused his discretion in ordering Dr. Nath
> to pay $726,000.00 in monetary sanctions and other relief
> to Texas Children's Hospital because the conduct
> complained of by Texas Children's Hospital was that of
> Dr. Nath' s attorneys and not that of Dr. Nath himself
> CR034 at 6183-85"

There is only a slight difference and Kahn notes the statute where the Nath brief does not. Kahn's issue is very clear and more concise than Nath's brief. Kahn presented appropriate citations to authorities and to the record. Kahn requests this Court to review the issue, "if a represented party can be sanctioned ."

17

Appellant Issue 2 states:

> "Appellant Filed Under The § 5 1.903 Because He Was up President And Owner Of Helvetia Kahn's Filing Under §51 903 Is Not Sanctionable."

Kahn presents evidence that he was President and presents evidence that Puerto Verde Ltd was not. § 5 1.903 is statute that does not establish ownership but sanctions a party for a fictitious filing. The issue is clear and concise. Kahn presented appropriate citations to authorities and to the record. Kahn requests this Court to review the issue "Can a President and Owner be Sanctioned."

Appellant Issue 3 states:

> "Court Did Not Have Authority To Impose Sanctions On Unenforceable Rule 11 Agreement"

Kahn presents evidence that the Rule 11 Agreement was not enforceable per Judge Pozza and as such cannot be used to be Sanction Kahn for not obeying it. The issue is clear and concise. Kahn presented appropriate citations to authorities and to the record. Kahn requests this Court to review the issue "Does a Court have Authority to impose Sanctions for not agreeing to a unenforceable contract."

Appellant Issue 4 states:

> "Court Abused Its Discretion Because It Lacked Jurisdiction To Rule On Ownership Of Stock."

Kahn presents evidence that the Court was not to litigate the ownership of the shares of Helvetia and that was not in Judge Tanner's jurisdiction. Yet the

findings stated that Puerto Verde Ltd was the Owner. The issue is clear and concise. Kahn presented appropriate citations to authorities and to the record. Kahn requests this Court to review the issue "Can a Court decide on ownership without any jurisdiction."

## CONCLUSION OF POINT 4

Kahn presented for issues in his brief that were clear and concise with appropriate citations to authorities and to the record. There is no specific form in the Rules to emulate. The Appellate Court is to construe briefing liberally *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex.2004) (construing Texas "Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule"). Kahn believes that his forms are in substantial compliance in accordance Tex.R.App.38.1.

## CONCLUSION

The full Court should review this case because of the special issues that have arisen by virtue of memorandum opinion and the jurisprudence of the State of Texas. Puerto Verde Ltd. The Intervenor does not have standing in this and any other Court in Texas. Kahn's constitutional rights have been violated and that this Court should look liberally and leniently that Kahn will have his case heard on the merits.

## PRAYER

Appellant, Burton Kahn is an American Citizen, born in Brooklyn, New York in 1933 from parents that were both born in Brooklyn, New York in 1904 and served his country in the United States Army for two deployments moved to Texas in 1977 and desires justice and his rights as an U.S. Citizen, which has been deprived. For the reasons above Appellant prays that this Appellate Court grants this motion for an *en banc* reconsideration and alternatively reverse the Final Judgment and Sanction Order.

Respectfully Submitted

*/s/Burton Kahn*
Burton Kahn Pro-se
1706 Alpine Cir.,
San Antonio, TX 8248
glentrailyahoo.com
Tel (210) 408-9199

## VERIFICATION

| | | |
|---|---|---|
| State of Texas | § | |
| County *of* Bexar | § | Tex. Civ. Prac. &Rem, Code §132. 001 |

My the is Burton Kahn 'I am over the age of 18 and am fully competent to make this unsworn declaration My date of birth is in August 1933 and my address is 1706 Alpine Circle, San Antonio, Texas 78248 . I declare under penalty of perjury that the

20

foregoing is true and correct. Executed in Bexar County, State of Texas on the 25th day of August, 2025.

/s/Burton Kahn
Burton Kahn

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 4,777 words excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B) (iii) and is in Times Roman 14 point and 21 pages in length.

/s/Burton Kahn
Burton Kahn

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion was served on Appellee Helvetia Asset Recovery Inc. through counsel of record on August 25, 2015 by

/s/Burton Kahn
Burton Kahn

Via Email
Elizabeth Conry Davidson, Attorney at Law
926 Chulie Drive
San Antonio, Texas 78216
(210) 380-4899 telephone
(210) 225-2300 facsimile
conrydavidson@gmail.com

APPENDIX

EXHIBIT 1    MEMORANDUM OPINION: IN RE PURPORTED LIEN OR

CLAIM AGAINST HELVETIA ASSET RECOVERY, INC.

EXHIBIT 2    IN APPELLATE CASE 04-14-00569-CV, APPELLANT'S REPLY

BRIEF EXHIBIT C ON PAGE 67

# EXHIBIT 1



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00357-CV

**IN RE A PURPORTED LIEN OR CLAIM
AGAINST HELVETIA ASSET RECOVERY, INC.**

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18394
Honorable Martha B. Tanner, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  July 22, 2015

DISMISSED FOR WANT OF PROSECUTION

Following Appellant's filing of his first pro se brief, this court notified Appellant that the brief failed to comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Our order stated,

> The brief violates Texas Rule of Appellate Procedure 38 in that it does not include record citations in the statement of facts and in the remaining portions of the brief; there are but few citations to the record. Instead, appellant has included hyperlinks to documents included in the appendix to his brief. Although these documents may be part of the record, the rules require appellant to include citations to the clerk's record and any reporter's record. Moreover, the few citations included in the record are confusing, and there is no legend to explain the method of citation used by appellant.
>
> Appellant must include references to the appellate record in his statement of facts and in the remaining portions of his brief; hyperlinks are insufficient. Although substantial compliance with Rule 38 is sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38. *See* TEX. R.

App. P. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.

We struck Appellant's brief and ordered him to file an amended brief that corrected the listed deficiencies and fully complied with the applicable rules. *See, e.g., id.* R. 9.4, 9.5, 38.1; *see also Valadez v. Avitia,* 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure). We warned Appellant that if the amended brief did not comply with our order, we could "strike the brief and prohibit appellant from filing another." *See* TEX. R. APP. P. 38.9(a); *see also id.* R. 42.3(c) (allowing dismissal of appellant's case if appellant fails to comply with requirements of Texas Rules of Appellate Procedure or order of court).

After Appellant filed an amended brief, Appellee filed a motion to strike Appellant's brief, a brief in support of the motion to strike Appellant's brief, a motion to dismiss the appeal, and Appellee's brief. We ordered that Appellee's motions would be carried with the appeal. Appellant subsequently filed a Second Amended Brief of Appellant and Reply Brief of Appellee's Brief.

Appellant's second amended brief identifies the parties, includes a table of contents, and sections titled Issues, Statement of the Case, Request for Oral Argument, Statement of Facts, and Prayer. Although the brief appears to include citations to exhibits and the reporter's record, the exhibits are not a part of the appellate record and the record citations do not comport with what Appellant contends or any pages contained within the appellate record. Appellant also failed to correct the improper use of hyperlinks to cite to documents in his appendix as opposed to the appellate record. Appellant's appendix and section entitled "Bookmarks, Hyperlinks, and Abbreviations of the Record" provides no assistance in clarifying incorrect, insufficient, irrelevant, and misleading citations. Appellant's brief also fails to provide a clear and concise argument as

required by Rule 38.1(i). *See* TEX. R. APP. P. 38.1(i) (requiring "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

Even liberally construing Appellant's second amended brief, we conclude it is wholly inadequate to present any questions for appellate review. *See id.*; *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (construing Texas "Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule"). Accordingly, we strike Appellant's non-conforming brief, and dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b), (c); *Johnson v. Dall. Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.) (per curiam).

Patricia O. Alvarez, Justice

# EXHIBIT 2

| | BALANCE SHE | | | |
|---|---|---|---|---|
| | CONTOUR | HELVETIA | JOABERT | TOTAL |
| | | | | |
| SALES | 66,113.00 | 1,352,332.39 | 20,571.20 | 1,401,017.25 |
| | | | | |
| | | | | |
| | | | | |
| TAX | 17,528.78 | 178,744.49 | 72,130.34 | 268,403.61 |
| JR | 82,303.01 | 55,085.06 | 24,000.00 | 161,388.07 |
| BK | | 599,995.00 | | |
| UNKNOWN | | 4,866.86 | 5,959.19 | 10,826.05 |
| SAVINGS | | | | |
| JOABERT 9721 | | | | |
| CONTOUR 2918 | | | | |
| CONTOUR RBFCU | | | | |
| HEL GOLD 7318 | | | | |
| HEL RBFCU | | | | |
| 4412 HEL | | | | |
| CONSTRUCTION | 450,206.00 | 29,052.53 | | 492,340.43 |
| OFFICE EXPENSE | 4,018.81 | 10,809.37 | 62,515.25 | 77,343.43 |
| TRAIL 7318 | | 123,000.00 | | 123,000.00 |
| BANK CHARGES | 326.49 | 190.00 | 261.79 | 778.28 |
| PROFESSIONAL | 5,060.00 | | 1,765.10 | 6,825.10 |
| ENG | 7,773.70 | | 1,729.53 | 9,503.23 |
| INSURANCE | 30,088.40 | | | 30,088.40 |
| AUTO | 584.75 | | 7,692.30 | 8,277.05 |
| IDEAL | | 240,000.00 | | 240,000.00 |
| TOTAL | 606,080.03 | 1,235,713.31 | 176,063.50 | 1,418,782.74 |
| | | | SALES | 1,461,017.25 |
| DIFFERENCE | | | DIFF | (42,234.51) |
| INITIAL CK AMONT | | | JOABERT | 276.98 |
| END CK BALANCE | | | HELVETIA | 614.17 |
| | | | JR STOLE | 22500.00 |
| | | | BK ACCOUNT | -18844.36 |
| | | CONTOURS FEE | 10% | 48234.94 |
| | | CONTOURS OH | 10% | 48234.94 |
| | | | | |
| | | | DUE BK | 77625.52 |